## FREDERICK H. SPENGEMAN v. THE PALESTINE BUILDING ASSOCIATION OF HUDSON COUNTY.

The defendant agreed with the plaintiff that if it would purchase a piece of land which the owner had employed him to sell, he would allow his commission to the plaintiff and thus reduce the price by so much. Thereupon the plaintiff purchased the land and paid the full stipulated price to the owner, who afterwards paid the commission to the defendant. *Held*—

1. That the plaintiff could, at common law, maintain an action against the defendant for the amount of the commission on the count for money had and received; and

2. That the statute of frauds did not prohibit such an action as one upon "a contract or sale of lands."

---

On *certiorari* to review a judgment of the District Court of Jersey City.

Argued at February Term, 1897, before Justices DIXON, MAGIE and LUDLOW.

For the prosecutor in *certiorari*, *John Garrick.*

For the plaintiff below, *Henry J. Melosh.*

The opinion of the court was delivered by

DIXON, J.   By this *certiorari* a judgment of the District Court of Jersey City, in favor of the plaintiff below, against the present prosecutor, is brought up for review.

The first ground of objection is that the testimony was insufficient to warrant a verdict for the plaintiff, and therefore a motion to nonsuit should have been granted.

The testimony tended to show the following facts: That the defendant, a real estate agent, had for sale the land of one Tompkins, and being also a director in the plaintiff association, was appointed a member of its committee to purchase a site for a building; that on a proposition being made in the association to buy the Tompkins land, at a price not exceeding $9,000, the defendant agreed with the association that if it would purchase the land he would allow his commission to the association and thus reduce the price by so much; that relying on this agreement the association bought the land at the nominal price of $8,750 and paid that sum to Tompkins, who thereupon paid the defendant a commission of two and one-half per cent., amounting to $218.75, for which the present judgment was rendered. If the jury believed these to be the real facts, evidently a verdict for the plaintiff was right, unless the objections hereafter to be noticed were fatal to the claim.

It is next insisted that as the *narr.* contained only the common counts, it could not legally sustain the cause of action.

We think the recovery may rest upon the count for money had and received by the defendant for the use of the plaintiff. Regarding this count with the utmost strictness, it embraces those cases in which the defendant has received money that, *ex æquo et bono*, belongs to the plaintiff. Such was this case. Upon the facts above stated, the agreement of the defendant could have been exactly performed only by his allowing his claim against Tompkins for commissions to be canceled by the plaintiff on delivery of the deed, so that he might accept from the plaintiff $8,750 less the commission of $218.75 as the full price of the land. This shows that, in strictness, as between the plaintiff and defendant, the $218.75 should never have passed out of the plaintiff's possession, but should always have remained its property. The fact that, in the transaction which took place in lieu of the exact performance

of the defendant's agreement, the plaintiff paid Tompkins the nominal price, $8,750, and Tompkins paid the defendant the commission, $218.75, does not affect the equitable truth that as between plaintiff and defendant the $218.75 belonged to the plaintiff. Hence, it appears that having due regard to his obligation to the plaintiff the defendant could not receive this money as his own, but only as a mere conduit through which there might be restored to the plaintiff what, *ex æquo et bono* between these parties, it ought to have always retained. In natural justice it must be presumed that he did so receive it, and such a claim on the fund itself constitutes the very essence of this style of action.

There is another criterion which may be applied with the same result. Where the defendant has received money from a third person, even though he received it under a claim of title to it in opposition to the plaintiff's right, yet if he had by law authority to receive it from such third person, and in equity the plaintiff ought to have it, this count for money had and received can be sustained. *Moses* v. *Macferlan*, 2 *Burr.* 1005, 1008; *Sergeant* v. *Stryker*, 1 *Harr.* 464, 468. The present transaction comes within this rule, even if it be assumed, as the defendant urges it must be, against the justice of the case, that when he received the money from Tompkins he had repudiated his obligation to the plaintiff and was collecting it as his own; for he alone could at law collect it from Tompkins, and yet in equity the plaintiff ought to have it.

It is lastly contended that the agreement between plaintiff and defendant was "a contract or sale of lands, or an interest in or concerning them," and therefore is unenforceable because of the statute of frauds, as it was not in writing.

Whether this agreement can be deemed to be within the statute of frauds is certainly questionable (*King* v. *Hanna*, 9 *B. Mon.* 369; *Browne St. Fr.* 268), but if it be, the present action, according to our view, is maintained, not upon the express agreement, but to enforce an implied obligation arising in part from what the plaintiff did under the influence of that agreement, and in part from the defendant's subsequent

conduct. The agreement is only collateral to the cause of action, and is resorted to merely for the purpose of showing what was, in contemplation of equity, the true nature of the defendant's act in receiving the money which he is now required to refund to the plaintiff. The case resembles in principle that of *Wetherbee* v. *Potter*, 99 *Mass.* 354, where the plaintiff and defendant had, with others, agreed to go into a joint purchase of real estate, for the price of which the plaintiff was to accept drafts and the defendant was to pay one-half thereof; the plaintiff having paid the drafts recovered one-half from the defendant on the common count for money paid. The court there said : " The statute of frauds does not apply to such an action, whether brought upon the implied or upon an express agreement. The obligation to repay money advanced for the use of the defendant is independent of the character of the consideration upon which the advance is made, provided it be not illegal." So, here, the obligation of the defendant to turn over to the plaintiff its money which he has received is independent of the character of the transaction by which that money became equitably the plaintiff's property.

We find no error in the record, and the judgment must be affirmed.