LAMB v. BAXTER.

(Filed March 11, 1902.)

1. FRAUDS, STATUTE OF—*Contract—Brokers.*

   The statute of frauds does not apply to contracts by brokers and their principals for the sale of real estate.

2. BROKERS—*Commission Merchants—Principal and Agent.*

   The rule that an agent can not in the same transaction represent both buyer and seller does not apply where it appears that the agent informed the buyer and seller that he was acting for both of them.

ACTION by E. F. Lamb against W. M. Baxter, heard by Judge *George H. Brown* and a jury, at September Term, 1901, of the Superior Court of PASQUOTANK County. From a judgment for the plaintiff, the defendant appealed.

*J. H. Sawyer,* for the plaintiff.
*G. W. Ward,* for the defendant.

LAMB *v.* BAXTER.

DOUGLAS, J.  This is an action to recover compensation as a real estate broker for services alleged to have been renered by the plaintiff in effecting an exchange of property between the defendant and one Bartlett.  There is conflicting testimony as to what part the plaintiff took in the negotiations, but it is admitted that he brought the parties together, and at least to that extent effected the exchange.  The defendant refused to pay the plaintiff on three grounds, (1) that he did not employ him; (2) that such alleged contract was not in writing, and therefore void under the statute of frauds; and (3) that the plaintiff admittedly charged Bartlett for his services in the same transaction and could not lawfully act as agent for both parties where their interests were necessarily antagonistic.

This case seems to have resolved itself down to a mere question of fact depending upon well-settled principles of law. Whether the defendant employed the plaintiff is certainly a simple question of fact.  That such a contract need not be in writing was settled by this Court in the recent case of *Abbott v. Hunt,* 129 N. C., 403.  It should be borne in mind that this action is not seeking to enforce the sale or exchange of land, nor does it affect any interest in land.  It is brought simply to recover compensation for the personal services of the plaintiff alleged to have been rendered under an agreement with the defendant and at his request.  The third ground of exception can not be sustained.  It is well settled that an agent can not in the same transaction represent both buyer and seller without the full knowledge and consent, express or implied, of both parties.  *Mining Co. v. Fox,* 39 N. C., 61; *Sumner v. Railroad,* 78 N. C., 289; *Atkinson v. Pack,* 114 N. C., 597; 2 A. and E. Enc. (2d Ed.), 1073.

To this rule there may be an exception where the agent merely brings together his principles without taking any part whatever in the negotiations of the trade.  *Atkinson v. Pack,*

*supra.* In *Mining Co. v. Fox, supra,* this Court says, on page 70, that "The rule applies only to agents who are relied upon for counsel and direction, and whose employment is rather a trust than a service, and not to those who are merely employed as instruments in the performance of some appointed service."

This exception, however, does not appear in the case at bar, as it appears from the plaintiff's own testimony that he took an active part in negotiating the trade. He further testifies as follows: "Baxter told me he would pay me a good commission if I succeeded in making a trade. I informed Baxter and Bartlett both that I should charge them commissions, to be paid equally by them, and both agreed to pay them." It seems to us that this language will fairly bear the construction that the plaintiff informed both parties that he was acting for both. If it is not as explicit as the defendant desired, he could have made it more so on cross-examination.

If this testimony be true, and the jury seem to have believed it, we see no reason why the parties to the trade should not carry out their agreements entered into with full knowledge of the facts, and apparently resulting in their mutual advantage. It is true the law regards all such transactions with more or less suspicion, and imposes upon the agent the burden of showing the mutual knowledge of his principals as well as his own good faith; but it goes no further where the parties are *sui juris.*

As we see no error in the trial of the case, we can not disturb the verdict of the jury.

Affirmed