## HUMPHREY v. ROBINSON.

(Filed March 22, 1904).

BROKERS—*Commissions—Contracts—Damages.*

> A real estate broker who fails to communicate to his principal facts known to him material to the transaction is not entitled to damages for failure of the principal to comply with the contract entered into by the broker.

ACTION by the Humphrey-Gibson Co. against M. E. Robinson and another, heard by *Judge R. B. Peebles* and a jury, at September Term, 1903, of the Superior Court of WAYNE County.

This action was brought by the plaintiffs, who are real estate brokers, to recover damages arising out of an alleged breach of contract by the defendants. The complaint is as follows:

1. That the plaintiffs, E. A. Humphrey and W. J. Gib-

son, constitute a partnership as brokers, middlemen and agents in negotiating trades for the sale, exchange and purchase of real estate and other properties, and were such partners and so negotiating at the times hereafter mentioned.

2. That during the early part of 1902 the defendant Mary C. G. Kirby was the holder of six notes of The East Goldsboro Land and Investment Co. for $2,000 each with accrued interest.

3. That during the early part of said year of 1902 the defendant Mary C. G. Kirby asked the plaintiffs if they could not negotiate some trade for her by which she could reduce said notes to cash, or invest said notes in real estate that would bring her in a larger income monthly; said notes running one, two, three, four, five and six years, and only the interest on each note payable as it fell due.

4. That in compliance with such request, the plaintiffs saw J. F. Southerland, the owner of the real estate hereinafter described, and told him of the desire of the defendant Kirby to invest her notes in real estate, and thereupon said Southerland authorized the plaintiffs to sell to defendant Kirby the following described property (description of land) for the sum of $10,155 in said notes including interest, clear of all commissions, attorney's fees and expenses.

5. That during the negotiation as aforesaid, the defendant Kirby knew that the plaintiffs were representing Southerland in the sale of his said real estate, and Southerland knew that the plaintiffs were representing said defendant in the effort to invest her said notes, and it was understood and agreed with the said defendant that the plaintiffs were to look to Southerland for their commissions and compensation for negotiating said transaction.

6. That in said transaction the plaintiffs had no authority to close the trade for either party except upon terms that were agreeable to said parties, which had to be made known

134——28

to the parties respectively for their approval, and their agency consisted merely in bringing the parties together in order that they might consummate such trade as was acceptable to each party respectively.

7. That the defendant M. E. Robinson acted as agent of the defendant Kirby in said negotiation, and as such agent agreed with the plaintiffs to pay Southerland the sum of $12,300 for the above-described real estate, which payment was to be made by delivery of said notes to Southerland with accrued interest, amounting to $13,440, and the plaintiffs were to pay to the defendant Kirby $1,140 in cash, all of which notes, with the exception of $10,155, which was to be paid to Southerland as the purchase price, were to belong to the plaintiffs as their compensation for negotiating said transaction in lieu of commissions.

8. That in compliance with said agreement the plaintiffs had executed by Southerland and wife and duly proved and acknowledged, with the privy examination of Addie Southerland, wife of J. F. Southerland, properly taken, a good and indefeasible deed in fee-simple with covenants of warranty to said land, and tendered the same to the defendant Kirby, and offered to pay the $1,140 difference in value between the notes and the purchase price of said land to said Kirby, and she through her agent, Robinson, refused to comply with said contract and deliver said notes and accept said deed and money, and repudiated and refused to carry out said contract, to the plaintiffs' damage $2,045.

9. That said Robinson stated to the plaintiffs that he would not carry out said contract and that they might bring a suit, and that he would pay any damage for which defendant Kirby might be held liable for the breach of said contract. Wherefore, the plaintiffs demand judgment for $2,045 and costs, etc.

The defendants in their answer denied the material alle-

gations of the complaint, and specifically denied that the contract for the purchase of the land had been made.

After the pleadings were read, it was admitted that neither of the defendants signed any writing touching the purchase of the land mentioned in the pleadings, and it being further admitted that the plaintiffs did not disclose to either of the defendants that Southerland was getting only $10,155 for the land, and that the plaintiffs were to get the balance of the purchase-money, to-wit, $2,145, the Court intimated that it would charge the jury that under such circumstances the plaintiffs could not recover of the defendants. Thereupon the plaintiffs submitted to a nonsuit and appealed.

*I. F. Dortch, W. C. Munroe* and *W. T. Dortch,* for the plaintiffs.

*F. A. Daniels* and *F. A. & S. A. Woodard,* for the defendants.

WALKER, J., after stating the case. The Court below was right in the opinion it expressed that the plaintiffs cannot recover in this action. We know of no legal or equitable principle upon which the plaintiffs can base their right to recover damages of the defendants. It is alleged that the defendant, Mrs. Kirby, owned certain notes which she wished to invest in real estate or with which she intended to purchase real estate as an investment, and she asked the plaintiffs to negotiate with some one in her behalf so that the notes could be thus invested. The plaintiffs thereupon applied to Southerland for the purchase of the land described in the complaint and he authorized them to sell the land to Mrs. Kirby for $10,155 in notes, clear of all commissions, attorney's fees and expenses. The plaintiffs had no authority to close the trade for either party except upon terms

agreeable to both, their agency consisting merely in bringing the parties together so that they might consummate such a trade as they could be able to agree upon.

We do not attach any importance to what is alleged in the seventh paragraph of the complaint, as we think Mrs. Kirby was not in any way bound, under the circumstances of the case, by what the defendant Robinson did. Southerland had agreed to sell the land to Mrs. Kirby for $10,155 clear of commissions and other expenses, and Mrs. Kirby was entitled to have the land at this price. To compel her to comply with the terms of the contract alleged to have been made by the defendant Robinson for her, but without her knowledge and consent, would be virtually to make her pay the plaintiffs' commissions in violation of the previous express understanding and agreement. The plaintiffs were representing Mrs. Kirby, even if the defendant Robinson was also acting for her, and they knew that Southerland had agreed to sell at the price of $10,155 clear of commissions and expenses. If the amount had been increased to $12,300 in order that the obligation to pay the commissions might fall on Mrs. Kirby, or if any material change had been made in the transaction, she was clearly entitled to a full disclosure of the facts, and the law will not hold her to be bound by a contract or agreement, so vitally affecting her interests, of which she had no notice and to which she did not assent. It was the duty of the plaintiffs as her agents to communicate to their principal all the facts known to them and which were material to the transaction, and they will not be permitted to benefit either directly or indirectly by any dealing conducted in her name in which this was not done. The principal reposes trust and confidence in the agent, and the latter owes in return the duty to his principal of being faithful in all things, and he must at all times and in all circumstances put his principal's ad-

vantage above his own.   This relation involves the duty of carefully guarding the interests of the principal and reporting to him all material matters which may come to the agent's knowledge.   The principle is of universal application that an agent or trustee, undertaking a special business for another, cannot, on the subject of that trust, act for his benefit to the injury of the principal.   *Dodd v. Wakeman,* 26 N. J. Eq., 484.   We think it is well settled that a broker cannot recover his commissions, and certainly not damages in the place of them, if he has failed in any respect to make a full disclosure of the material facts to his principal, nor if the latter is prejudiced thereby.   *Lamb v. Baxter,* 130 N. C., 67; *Haffner v. Herron,* 165 Ill., 242; *Young v. Hughes,* 32 N. J. Eq., 372; *Wadsworth v. Adams,* 138 U. S., 380; *Phinney v. Hall,* 101 Mich., 451; *Halsey v. Monteiro,* 92 Va., 581; *Jansen v. Williams,* 36 Neb., 869, 20 L. R. A., 207; *Humphrey v. E. T. Co.,* 107 Mich., 163. The general principle established by the authorities cited is clearly applicable to our case and requires us to hold that the plaintiffs are not entitled to recover, for the reason that the defendant, Mrs. Kirby, was not informed of the change in the terms, nor did she assent, in contemplation of the law or in fact, to the alleged contract.   She now declines to accede to the alleged stipulations which the parties made for her without her knowledge, and it is clear if what was done by them had been communicated to her at the time she would have rejected the proposed terms of the agreement.   The plaintiffs had been authorized by Southerland, the owner of the land, to sell it to Mrs. Kirby at $10,155 to him, that is, free of commissions and the expenses as above stated.   A new arrangement is attempted to be made by which she is required to pay the commissions, about twenty per cent. of the original purchase price.   An agent cannot thus impose an obligation upon his principal in his

own favor, unless the principal is first made fully aware of all the facts and circumstances, and after consideration assents thereto. When we refer to a change having been made in the contract or in the terms of the contract, we mean to say that by the enhancement of the price to $12,300 Mrs. Kirby would virtually be required to pay the commissions, contrary to the spirit, if not the very letter, of the original agreement.

The defendant also contended that as the contract between Southerland and Mrs. Kirby had not been reduced to writing, the latter could not be held liable to the plaintiff in damages for refusing to comply with the contract, assuming that one had been made between the parties. This presents a very interesting question and one, too, not free from difficulty. It is not necessary that we should decide it, as we have already disposed of the appeal upon the other point presented. We will add, though, that it was contemplated by the parties that they should agree upon the terms of their contract before any commissions should be due to the plaintiffs, which it appears that they have not done, and it was not the fault of the defendant, Mrs. Kirby, that they did not agree. There may have been some misunderstanding between the parties, but even in that case Mrs. Kirby would not be liable to the plaintiffs. The ruling below upon the allegations of the complaint and the admissions was right, and the judgment of nonsuit must stand.

No Error.