GEORGE A. CONKLIN, PLAINTIFF AND APPELLANT, v.
ENGELINE KRUGER, DEFENDANT AND APPELLEE.

Argued November 4, 1909—Decided February 21, 1910.

1. An oral agreement to act as agent in buying land is not within
   section 5, subdivision 4 of the statute of frauds (*Gen. Stat., p.*
   1603) and creates an agency which may be proved by parol.
2. Where one performs services for another at his request, but with-
   out any agreement or understanding as to wages or remunera-
   tion, the law implies a promise on the part of the party re-
   questing the services to pay a just and reasonable compensation,
   unless there is a family relation existing between the parties,
   and this remuneration is recoverable on a *quantum meruit*.

On appeal from the District Court of the city of Hoboken.

Before Justices SWAYZE, TRENCHARD and PARKER.

For the appellant, *John D. Pierson.*

For the appellee, *William S. Stuhr.*

The opinion of the court was delivered by

TRENCHARD, J.   This is an appeal from a judgment ren-
dered in favor of the defendant by the judge of the District
Court of the city of Hoboken, sitting without a jury.

Two questions of law are presented.

The first is raised on the following facts:

The defendant, a prospective purchaser of real property,
orally promised the plaintiff, a real estate agent, the sum of
$125 if he would induce Ella Hayes, who had a piece of
property to sell, and with whom he had no relation, to agree
to sell the same at or below a certain stipulated price.   The
plaintiff accepted the offer, and accomplished the desired re-
sult.   The defendant refused to pay, and the plaintiff in this
suit sought to recover the compensation agreed upon.   The
trial judge held, as a matter of law, that there could be no

recovery, on the ground that the agreement was not in writing and signed, and was therefore in violation of section 5, subdivision 4, of the statute of frauds (*Gen. Stat., p.* 1603), which provides that no action shall be brought upon any contract or sale of lands, tenements or hereditaments, or any interest in or concerning them, unless the agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized.

We are of the opinion that this ruling of the trial judge was erroneous.

An oral agreement to act as agent in buying land is not within the statute of frauds and creates an agency which may be proved by parol. *Carr* v. *Leavitt,* 54 *Mich.* 540; *Baker* v. *Wainwright,* 36 *Ind.* 336; *Hannan* v. *Prentis,* 124 *Mich.* 417; *Harben* v. *Congdon,* 1 *Coldw.* (*Tenn.*) 221; *Huff* v. *Hardwick,* 19 *Colo. App.* 416; *Abbott* v. *Hunt,* 129 *N. C.* 403; *Ambrose* v. *Ambrose,* 91 *Ga.* 655; *Lamb* v. *Baxter,* 130 *N. C.* 67.

As was said in *Lamb* v. *Baxter, supra:* "It should be borne in mind that this action is not seeking to enforce the sale or exchange of land, nor does it affect any interest in land. It is brought simply to recover compensation for the personal services of the plaintiff, alleged to have been rendered under an agreement with the defendant and at his request."

Our attention has not been directed to any case in New Jersey which conflicts with that rule. The case of *Wallace* v. *Brown,* 2 *Stock.* 308, does not. In that case the party who employed the agent sought to compel him to convey where the agent took title in his own name, a very different situation. The rule there announced that the statute applied has no application to the case at bar. In the case of *Spengeman* v. *Palestine Building Association,* 31 *Vroom* 357, there is a *dictum* favoring the rule adopted in the present case.

There was also included in the plaintiff's state of demand a claim for services rendered with respect to another property, and this gives rise to the second question of law presented.

With respect thereto the state of the case exhibits facts following:

The defendant requested the plaintiff, as a real estate agent, to find her a suitable house, saying: "I will pay you for your time and trouble." She later orally requested plaintiff to accompany her on an inspection of a property known as No. 228 Garden street, Hoboken, then in the hands of another real estate agent, and with which the plaintiff had no relation. The plaintiff complied with this request, carefully inspected it and advised defendant not to purchase it. For this service plaintiff claims $10, which, it appeared, was a reasonable charge. The trial judge held as a matter of law that the plaintiff must look to the owner of the property for compensation, although he has no relation to the owner, and that he could not recover from the defendant.

This was erroneous. It is well settled that where one performs services for another at his request, but without any agreement or understanding as to wages or remuneration, the law implies a promise on the part of the party requesting the services to pay a just and reasonable compensation, unless there is a family relation existing between the parties, and this remuneration is recoverable on a *quantum meruit.* 15 *Am. & Eng. Encycl. L.* (*2d ed.*) 1081. In this case there was no family relation between the plaintiff and defendant, or other circumstances tending to show that the services were intended to be gratuitous.

The result is that the judgment of the court below will be reversed and a new trial awarded.