MICHAEL J. BROWN *v.* WOLFGANG WINTER.

Submitted July 8, 1910—Decided November 3, 1910.

Defendant employed plaintiff to negotiate with the owner of land for its purchase by defendant at a price fixed by him; this plaintiff accomplished, and in an action to recover for services rendered under such contract of employment it was urged that section 10 of the act for the prevention of frauds and perjuries applied, and the contract of employment not being in writing plaintiff could not recover. *Held,* that the employment of an agent to purchase land is not within the section invoked, and it did not apply to the case under review.

On appeal.

Before Justices PARKER and BERGEN.

For the plaintiff, *Charles F. Lighthipe.*

For the defendant, *Howe & Davis.*

The opinion of the court was delivered by

BERGEN, J. The only legal error urged in support of this appeal is the refusal of the trial court to order a judgment of nonsuit. None of the specifications of appeal, six in number, disclose any reasons for reversal other than those presented on the motion for nonsuit. The record shows that the defendant, desiring to purchase a tract of land for which the owner was

asking $9,000, employed the plaintiff to purchase it for him at $7,000 if he could induce the owner to accept that price, promising to pay him for such services; that the plaintiff, after negotiating with the owner for a considerable period of time, finally induced him to agree to sell at the price fixed by the defendant as the one he was willing to pay, and so reported to the defendant, who then refused to purchase, whereupon plaintiff brought his suit to recover compensation for services rendered. The plaintiff recovered a judgment, and the testimony justifies the finding that plaintiff was employed as he claims, and that he performed according to the terms of his employment. The defendant, however, insists that the plaintiff ought not to recover because as the agreement to pay for such services was not in writing it is in violation of section 10 of "An act for the prevention of frauds and perjuries." *Gen Stat., p.* 1602. This section declares "that no broker or real estate agent selling or exchanging land for or on account of the owner shall be entitled to any commission for the sale or exchange of any real estate unless the authority for selling or exchanging such land is in writing, and signed by the owner or his authorized agent, and the rate of commission on the dollar shall have been stated in such authority." The difficulty with the defendant's position is that the case under review does not fall within the terms of the statute he seeks to invoke. The action is not for a commission on a sale or exchange "for or on account of the owner," but for services rendered by the plaintiff to a proposed purchaser in procuring the owner to sell to him land at a price he was willing to pay and for which he desired to secure it, although it was much below the price at which the owner was then offering it for sale.

The contract sued on was an agreement by the plaintiff to act for the defendant as his agent in purchasing land at a price fixed by defendant. This he accomplished. Such a contract need not be in writing. *Conklin* v. *Kruger,* 50 *Vroom* 326.

The refusal to nonsuit was not error, and the judgment is affirmed.