FRANKLIN S. COBB, RESPONDENT, v. FRANK S. BOWES, APPELLANT.

Submitted February 17, 1928—Decided May 14, 1928.

For the appellant, *Daniel J. Brennan* and *Frank E. Bradner*.

For the respondent, *Benjamin M. Weinberg.*

The opinion of the court was delivered by

LLOYD, J. The defendant appeals from a judgment rendered against him in the Essex County Circuit Court, contending that the case should have been controlled by the

court through nonsuit of the plaintiff or by the direction of a verdict in defendant's favor; also that certain requests for instruction to the jury were erroneously refused by the learned trial judge.

The action was to recover damages for breach of contract. The defendant, Bowes, is a real estate operator in East Orange, and the plaintiff Cobb and his wife lived in the same place in a property owned by Mrs. Cobb. In September of 1924 the defendant sought to interest the plaintiff in the purchase of a property on Whittlesey avenue in the same city belonging to Edward L. McCabe and his wife. Being without means the plaintiff was unable to purchase, but proposed to the defendant that if the latter would agree to find a purchaser for the property of plaintiff's wife before the time for taking title, he would purchase the Whittlesey avenue property of McCabe. To this the. defendant agreed. The contract of purchase was then entered into between plaintiff and McCabes. Defendant failed to make good his promise to sell the Cobb property, and plaintiff was, in consequence, unable to raise the purchase price and to complete his purchase. This resulted in a suit by the vendors for specific performance, a decree against plaintiff, and a sale of the property, on which sale but a portion of the purchase price was realized. All of the above facts it was open to the jury to find from the proofs offered on the trial of the present case.

It was for the deficiency, costs, &c., resulting from the Chancery suit, being the damages suffered by the plaintiff, that the present action was brought.

In support of the motions for nonsuit and direction of a verdict it is first contended that the agreement is void under the provisions of the statute of frauds which require contracts for the sale of lands to be in writing. The authorities cited by appellant do not so hold, and the reasonable interpretation of the statute is to the contrary. In *Conklin* v. *Kruger*, 79 *N. J. L.* 326, it was held by the Supreme Court, in an opinion by Mr. Justice Trenchard, that the statute has no application to an agreement to act as agent for the purchase of land, and to this we agree.

It is next claimed that there was no consideration for the agreement. This also is devoid of merit. The mutual promises were in themselves legal and adequate consideration. *United and Globe Rubber Co., v. Conard,* 80 *N. J. L.* 286.

Finally, it is claimed that there was error in the refusal of the court to charge the jury that "in order for the plaintiff to recover for the alleged breach of contract he must show the alleged losses resulting from such breach were the direct result of the breach," and that there could be no recovery for losses unless the plaintiff exercised reasonable efforts, including the reasonable expenditure of money, to avoid them. The first was substantially charged though not in the language of the request, and the second was inapplicable in view of the uncontroverted evidence that it was the helpless financial condition of the plaintiff resulting from defendant's breach of agreement that occasioned the loss.

The judgment is affirmed.

*For affirmance*—The Chancellor, Chief Justice, Trenchard, Parker, Minturn, Kalisch, Black, Katzenbach, Campbell, Lloyd, Van Buskirk, McGlennon, Kays, Hetfield, Dear, JJ. 15.

*For reversal*—None.