BERT C. GEORGE, ASSIGNEE, PLAINTIFF-APPELLANT, v. WILLIAM MEINERSMANN, DEFENDANT-RESPONDENT.

Argued October 19, 1937—Decided January 26, 1938.

For the appellant, *Benjamin M. Ratner* (*Milton S. Goldberg,* of counsel).

For the respondent, *Emanuel Wagner.*

The opinion of the court was delivered by

TRENCHARD, J. This is the appeal of the plaintiff below from a judgment of nonsuit at the conclusion of plaintiff's opening to the jury.

The opening disclosed, and it is conceded, that the facts were these:

The plaintiff-appellant's assignor, in October, 1930, orally agreed to forbear from foreclosing a mortgage held by him covering lands owned by Wilabert Realty Company, a corporation of which defendant-respondent is an officer and stockholder, in consideration of an oral promise on the part of the respondent that he would pay the principal and interest due on the bond secured by the mortgage within a few months thereafter. The complaint was filed July 11th, 1935. Respondent was not personally liable on the bond.

Respondent contended below, and contends here, that the agreement comes within *Comp. Stat.* 1910, *p.* 2612, § 5, which was pleaded and which provides "that no action shall be brought * * * (4) upon any contract or sale of lands, tenements or hereditaments, or any interest in or concerning them: * * * unless the agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the person to be charged therewith, or some other person thereunto by him or her lawfully authorized."

The trial judge agreed with that contention, and so granted the nonsuit, and we think rightly.

We have pointed out that the agreement in question was not in writing.

The appellant cites cases holding, in the given cases, that an oral contract based upon a valid consideration to forbear an action at law was not within the statute of frauds. But such are in point only if the particular agreement relied upon does not specifically come within the statute. Here the only question to be determined is, was there an enforceable agreement between the parties hereto in the circumstances of the present case, which the respondent insists is specifically within the statute.

Now in *Boteler* v. *Leber,* 112 *N. J. Eq.* 441; 164 *Atl. Rep.* 572, it was held: "In this state the common law rule that a mortgage in fee creates an immediate estate in fee-simple in the mortgagee subject to defeasance by payment of the mort-

gage money according to the condition of the mortgage prevails, except that the right to entry and possession is postponed until default." In *Joseph S. Naame Co.* v. *Louis Satanov Real Estate and Mortgage Co.,* 103 *N. J. Eq.* 386; 143 *Atl. Rep.* 531, it was held that "there can be no doubt that a mortgage is such an interest in lands as the statute requires to be in writing." In that case it was held that an oral agreement to release a part of mortgaged lands from the lien of a mortgage was unenforceable under the fifth section of our statute of frauds. By analogy it would seem that if an agreement to release part of the security comes within the statute an agreement to waive the right to enforce the security should also come within it. The right to enforce collection is a fundamental and important part of a mortgage, and an agreement to waive such right would undoubtedly constitute an agreement concerning an interest in lands.

In 27 *Corp. Jur.* 207, it is said: "An agreement to release or discharge lands from rights, interests or valid claims therein or thereto, or to waive, disclaim or surrender such rights, interests or claims is not enforceable unless in writing," citing cases.

The restatement of the law of contracts as adopted and promulgated by the American Law Institute on May 6th, 1932, section 195, page 256, reads: "An interest in land within the meaning of the statute is any right, privilege, power or immunity or combination thereof, relating to realty which under the rules of law governing that subject (a) is property in realty and (b) does not fall within the definition of goods." Section 200, page 268, reads: "Goods, within the meaning of the statute, are: (a) chattels personal except current money bargained for as a memorandum of exchange; (b) crops unsevered from the land, whether matured or not at the time when by the terms of the bargain they are to be sold, if they are of a kind subject to yearly cultivation; (c) things attached to or forming part of the realty which are agreed to be severed therefrom before sale or promptly after the formation of the contract."

From this it appears that not only is a mortgage an interest

in lands but the privileges and powers inherent in it and forming a necessary and important part thereof are also interests in lands.

In 27 *Corp. Jur.* 218, it is said: "Other agreements by a mortgagee held to be within the statute include * * * an oral promise not to enforce the mortgage, either at all or for a given time." The cases annotated are *Hunt* v. *Maynard*, 6 *Pick.* (*Mass.*) 489; *Jackson* v. *Yeomans*, 39 *U. C. Q. B.* 280.

*Smith on Frauds* (1907) 506 (note) reads: "A verbal agreement to pay a mortgage by an assignee of a lease is void by the statute." The case annotated is *Goelet* v. *Farley*, 57 *How. Prac.* (*N. Y.*) 174, in which the underlying reason given is that such an agreement would amount to the assumption of a mortgage.

A mortgage is merely a security for a debt and it is fundamental that an essential part of a mortgage is the power to enforce payment, the power being derived from default of an expressed or implied covenant to pay. In *Rempt* v. *Geyer*, 32 *Atl. Rep.* 266 (not reported in state reports), it was held that if a debt exists an implied promise to repay springs from that fact alone, even though a deed be absolute on its face. If there is no power to enforce payment by foreclosure a necessary characteristic of a mortgage would be lacking, and we believe that such power is so inextricably a part of the mortgage that any agreement relating to it concerns an interest in lands.

We therefore conclude that the pertinent rule applicable to the present case is that an oral agreement not to foreclose a mortgage covering lands is an agreement concerning an interest in lands and is therefore within the statute of frauds.

The judgment below will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 15.

*For reversal*—None.