32 N.J. Super. 70 (1954)
107 A.2d 815
DAVID P. ORROK AND ETHEL ORROK, HIS WIFE, PLAINTIFFS-APPELLANTS,
v.
JOHN PARMIGIANI, INDIVIDUALLY AND TRADING AS PARMIE'S AGENCY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 8, 1954.
Decided September 16, 1954.
*72 Before Judges EASTWOOD, GOLDMANN and SCHETTINO.
Mr. Paul Lustbader argued the cause for appellants.
Mr. Robert M. Kronman argued the cause for respondent.
The opinion of the court was delivered by GOLDMANN, J.A.D.
Plaintiffs appeal from an order of the County Court, entered on defendant's motion, dismissing their complaint and amended complaint for failure to state a claim upon which relief can be granted. R.R. 4:12-2(e). The basis of the court's action was that the oral agreement *73 on which plaintiffs' suit was based was within the statute of frauds. R.S. 25:1-5 (d).
The background of this litigation is a written agreement whereby plaintiffs agreed to purchase from Garden Homes Construction Co. a certain house in Morris Township then in the process of construction. Defendant, a real estate broker, negotiated the deal. This contract is not involved in the present case.
The original complaint alleged that plaintiffs and defendant had entered into a contract for the purchase of this property through defendant as broker; that plaintiffs initially deposited with him $1,000, and later $4,000 more, to be paid on account of the purchase price in case the sale was completed and a deed conveying good title delivered to plaintiffs, as specified in the agreement; and that defendant failed to deliver to the seller the $5,000 so deposited or to repay it to plaintiffs. Plaintiffs sued for the return of the monies. Defendant's answer denied these allegations and set up two separate defenses: (1) the agreement between plaintiffs and defendant violated the statute of frauds because it was not in writing; (2) the complaint failed to set out a cause of action, and defendant reserved the right to move to dismiss the complaint at or before trial. Such a motion was duly served. Attached to it were affidavits of defendant, one of his salesmen, and the president of Garden Homes Construction Co. stating in detail what had transpired in connection with plaintiffs' purchase of the property in question. We shall refer to these affidavits shortly.
Plaintiffs then moved to amend their complaint, attaching to the motion the proposed amendment and the affidavit of Mr. Orrok briefly reciting his version of the real estate transaction. On the return day of this motion the court also considered defendant's motion to dismiss the complaint. The motion to amend was granted and defendant then and there filed his amended answer.
As amended, the complaint recites an agreement between plaintiffs and defendant for the purchase through defendant as real estate broker of the property in question; that plaintiffs *74 had deposited with defendant $4,000 of the purchase price, upon the express condition that the money should not be paid over to Garden Homes Construction Co. unless and until a deed conveying good title was delivered to plaintiffs; that defendant, in violation of this express agreement, delivered the $4,000 to the owner without first procuring a deed; that plaintiffs have never received a deed nor has defendant ever returned the $4,000 so deposited with him. The amended answer again denied the allegations and by way of separate defenses alleged: (1) there was no agreement in writing between plaintiffs and defendant, contrary to the requirements of the statute of frauds; (2) the amended complaint failed to set forth a cause of action; and (3) laches and estoppel.
It was conceded that the agreement set out in the complaint was oral, and that defendant had no interest in the premises, nor in Garden Homes Construction Co., the corporate owner, either by way of office or stockholding.
A motion to dismiss under R.R. 4:12-2(e) for failure to state a claim upon which relief can be granted, performs substantially the same function as the common law demurrer and its equivalent under the former practice, the motion to strike a pleading on the ground that it discloses no cause of action. Such a motion, like the demurrer, admits the truth of all well-pleaded material allegations, and all facts reasonably inferred therefrom, appearing on the face of the claim and any amendments and supplements thereto. DeMarco v. Estlow, 18 N.J. Super. 30 (Ch. Div. 1952), affirmed per curiam 21 N.J. Super. 356 (App. Div. 1952). Unless the court permits the scope of the motion to be enlarged as permitted by the rule, the inquiry on the motion is confined to the consideration of the legal sufficiency of the alleged facts apparent on the face of the challenged claim.
The statute of frauds, R.S. 25:1-5, provides:
"No action shall be brought upon any of the following agreements or promises, unless the agreement or promise, upon which such action shall be brought or some memorandum or note thereof, shall be in *75 writing, and signed by the party to be charged therewith, or by some other person thereunto by him lawfully authorized:

* * * * * * * *
d. A contract for sale of real estate, or any interest in or concerning the same; * * *."
It is defendant's contention that if there were an oral agreement whereby he promised plaintiffs that he would act as agent and deliver certain monies to the seller in exchange for a deed of conveyance, such agreement fell within the statute of frauds since it was concerned with real estate or an interest therein. We cannot agree.
Although the term "interest in" used in the statute is broad enough to include any right, title or estate in, or lien on, real estate, it does not extend the statute to agreements which, although affecting lands, do not contemplate the transfer of any title, ownership or possession. 37 C.J.S., Frauds, Statute of, § 69, p. 577; 49 Am. Jur., Statute of Frauds, § 154, p. 493. Defendant here had no interest in or title to the property involved in the sales agreement between plaintiffs and Garden Homes Construction Co., nor was he expected to get title in his own name and then reconvey to plaintiffs. He had no interest, direct or indirect, in the corporate seller. It is impossible to construe the oral agreement upon which plaintiffs rely as a contract which contemplated the transfer to them of any interest in the real estate itself. The observation of the court in Carter v. McCall, 193 S.C. 456, 461-462, 8 S.E.2d 844, 846-847, 151 A.L.R. 641 (Sup. Ct. 1940), provides an appropriate answer to defendant's argument:
"But the defendant insists that the word `concerning' as used in the statute, must resolve the point in her favor. She claims that the statute in effect, says that no action shall be brought upon any contract `concerning' real estate, unless it be in writing, and that the term `concerning real estate' must be interpreted and applied in its literal sense without relation to the idea of a sale or transfer of title. The effect of this construction would be to render the statute of frauds applicable to every oral agreement which in any manner relates to real property, even though no transfer of any interest whatsoever might be contemplated thereby. I am unable to adopt such a rule of construction. * * *
*76 "The statute can only be applied to contracts which have in view the transfer of an interest `in or concerning' lands, the word `concerning' being simply synonymous with the word `in'."
The statute of frauds does not apply to an oral agreement of the kind here in dispute  an agreement which, plaintiffs claim, called for the deposit of monies with defendant broker as their agent, to be paid to the corporate seller on account of the purchase price upon the express condition that a deed conveying good title should first be delivered to the plaintiffs. Cf. Conklin v. Kruger, 79 N.J.L. 326 (Sup. Ct. 1910); Cobb v. Bowes, 104 N.J.L. 615 (E. & A. 1928); Chapman v. Newmeyer, 121 N.J.L. 294 (Sup. Ct. 1938). Also, 27 C.J., Statute of Frauds, § 212, p. 223; 37 C.J.S., Statute of Frauds, § 121, p. 616; 8 Am. Jur., Brokers, § 22, p. 1001; 49 Am. Jur., Statute of Frauds, § 174, p. 509.
None of the cases cited by defendant support his claim that the alleged oral agreement is prohibited by the statute of frauds. Cauco v. Galante, 6 N.J. 128 (1951); DeMarco v. Estlow, 18 N.J. Super. 30 (Ch. Div. 1952); Feldman v. Warshawsky, 125 N.J. Eq. 19 (E. & A. 1938); George v. Meinersmann, 119 N.J.L. 460 (E. & A. 1938), and Birch v. Baker, 79 N.J.L. 9 (Sup. Ct. 1909) all dealt with oral agreements clearly within the statute because they involved interests in real estate.
It has been observed that counter affidavits were filed in the case. As might be expected, they present conflicting versions of the real estate transaction from its inception. On the return day of the motion to amend, both sides argued the background facts in the case. All this, of course, broadened the scope of the original motion to dismiss the action for failure to state a claim upon which relief could be granted. As pointed out in the excellent annotation and comment on R.R. 4:12-2 which appears in Schnitzer and Wildstein, New Jersey Rules Service, A IV-247ff., the common law demurrer and its later equivalent, the motion to strike, could not be supported by facts extrinsic to the pleadings, whether introduced by affidavit or otherwise. Such a demurrer or motion was held to be a "speaking" demurrer or motion, and was not *77 sanctioned under the former practice except, perhaps, in the most unusual circumstances. State v. Foster Wheeler Corp., 133 N.J. Eq. 554 (Ch. 1943).
R.R. 4:12-2, like Federal Civil Rule 12(b), permits a "speaking motion" if the court, in its discretion, is disposed to consider extrinsic matter. Our rule provides:
"If, on a motion asserting the defense numbered (e) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 4:58, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 4:58."
The court exercised its discretion in permitting the filing of counter-affidavits and argument on the facts. The motion under R.R. 4:12-2(e) was thereby transformed into one for a summary judgment under R.R. 4:58. R.R. 4:58-3 provides, in part:
"The judgment or order sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show palpably that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law."
In his brief defendant argues, alternatively, that the pleadings, affidavits and admissions on the argument show palpably that there is no genuine issue as to any material fact challenged, and therefore the court properly entered its order of dismissal. However, it is clear that the court ultimately disposed of the action on the basis of the original motion made under R.R. 4:12-2(e) to dismiss for failure to state a claim upon which relief can be granted, and this despite the fact that on the face of the record the motion had been transformed into one for summary judgment under R.R. 4:58. The court did not weigh the conflicting factual representations; its determination was based solely on the ground that the action was not maintainable because of the statute of frauds. We have already held that the oral *78 agreement on which the complaint is brought did not fall within the statute.
We determine this appeal upon the single ground given by the court as reason for its order of dismissal. But even were we to consider the alternate ground now advanced by defendant under R.R. 4:58 relating to summary judgments, the result would have to be the same because the pleadings, affidavits and admissions do not "show palpably that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law."
The court should have denied defendant's motion and permitted plaintiffs to submit their proofs. The order of the County Court is reversed and the action remanded for trial.