The Chancellor.
The injunction was granted to stay the proceedings of a suit in the' Supreme Court, which Matthew H. Cooper, one of the defendants, had commenced against the complainant, as the endorser of a promissory note. There are nine defendants in the suit.
The bill was filed, and the injunction granted, on the 14th of December, 1852. The complainant has answered the bill, and so also has William E. Winans. The answer of Winans was not put on file until March 2d, 1854. This *275 delay was owing to the fact of the defendant, Winans, having left the state of New Jersey, and removing to St. Petersburg]!, Russia, prior to the filing the bill of complaint.
The facts upon which the injunction was granted, and which constitute the gravamen of the case, are within the knowledge of the defendant, Winans. They are of a character to make the continuance of the injunction by the the court dependant upon his answer. His answer, and that of Cooper, the complainant, are before me. I do not perceive that the answer of any of the other defendants are at all necessary. The defendant, Cooper, makes this motion to dissolve; he has a right to be heard upon these answers, on his motion to dissolve.
On behalf of the defendant, it is insisted, that the answer being in, the injunction must be dissolved, because the bill is one of discovery merely. Upon the assumption that the bill in this case is purely a bill of discovery, as distinguishable from a bill of discovery and relief, the principle as laid down is correct, according to the established practice of this court. I have had occasion to examine this matter heretofore, in the ease of Brown et al. v. Edsall and others, decided in October term, 1852, 1 Stockton 256. I will only'repeat what was said in that case. The Court of Chancery in this state has never adopted the principle, that because its jurisdiction has once rightfully attached, it will retain the cause, as a matter of right, for the purposes of complete relief. All bills in the court are, in their nature, bills of discovery. Some are bills for discovery purely. When the subject matter is one which is properly cognizable at law only, and adequate relief can be given there, as where damages are to be ascertained or titles to land tried, and in eases of mere trespass, a Court of Chancery frequently takes jurisdiction, in order that a discovery may be had on the oath of a party, or to compel the production of papers and documents. The end for which the jurisdiction of the court was invoked having *276 been attained, tbe party seeks his redress in the proper tribunal at law.
Where a suit has been commenced at law, the defendant may be entitled to a discovery from his adversary, and may resort to this court to obtain it. But if he seeks to change the forum of litigation, and prays for relief as well as discovery, the subject matter must be one which appropriately belongs to equity jurisdiction. His bill must show a case of manifest propriety in this court’s retaining the cause. Fonblanque and Cooper lay it down, that “the court, having acquired cognizance of the suit for the purpose of discovery, will retain it for the purpose of relief in most cases of fraud, account, accident, and mistake.” So, if it is plain that adequate relief can be given, and at the same time a multiplicity of suits be prevented, the court, having obtained jurisdiction, will go on and give the proper relief.
The present bill was not filed as a bill of discovery merely. It has not the essentials of a pure bill of discovery. It is true it alleges that the complainant cannot safely go to trial in the action at law, because the facts constituting his defence are, as far as he knows or has been able to learn, almost wholly, or the principal part thereof, confined to the knowledge of the defendants. But when a bill seeks discovery in aid of a court of law, it must appear that the aid is necessary, and the discovery material to the defence, and that it is not in the power of the party to prove them by witnesses. Gelston and Schenck against Hoyt, 1 J. C. R. 543. In the suit at law, the complainant could have availed himself of the testimony of Winans, as well as he can in this court. It was not a discovery from the plaintiff that the defendant in the suit wanted, but the evidence of a third party. The injunction was not granted upon this ground. The bill was filed to be relieved against a fraud, which it alleged the defendant in the suit at law, combining with the other defendants in this suit, was attempting to perpetrate. It prays *277 for a specific relief, which a court of equity only can grant, to wit, that the defendants might he decreed to deliver up to the complainant a certain promissory note, which the hill alleges was paid hy the note upon which the suit at law was brought, and which was held hy the defendants, or some of them, to he improperly enforced against the complainant. There are other circumstances of fraud charged, more particularly upon "Winans, which go to affect the note in the hands of Cooper. If the answers had admitted the facts, the court would have granted the relief by ordering the original note to he delivered up, and a perpetual injunction against prosecuting the suit at law. This shows that the bill was something more than a mere hill of discovery. A mere bill of discovery cannot properly pray for relief. Upon the facts stated, the relief prayed for by this hill is proper.
But I am of opinion that the hill in this case is fully and fairly answered, and its equity denied. After the very severe criticism upon the answer of Winans hy the complainant’s counsel, I feel it my duty to examine the answer with more than ordinary care. It is true the answer is unskilfully drawn. It is not entitled to less credit on that account. In every important particular, it accompanies the deniaL of the matter alleged with facts and circumstances substantiating the denial. If the answer is true, the amount of the note in suit is due to Cooper, and the eomplainaiit has no defence at law or equity against a recovery.