SHOTWELL'S ADMINISTRATRIX *vs.* SMITH.

Same *vs.* OLIVER STRUBLE and wife.

Same *vs.* CANFIELD STRUBLE and wife.

1. Courts of equity will always compel discovery in aid of prosecuting or defending suits at law; and in order to make such discovery of use on the trial at law, will restrain that suit from proceeding until the discovery is had. This jurisdiction is not taken away by the fact that courts of law have been clothed with powers to compel discovery in such cases by the oath of the complainant.

2. A motion to dissolve an injunction restraining a suit at law will not be granted before answer filed, on the ground that the bill on the face of it shows no equity, where a discovery is sought, or where the bill alleges that the obligations sued on at law were given without consideration, and were fraudulently obtained, and the affidavits annexed to the bill are sufficient *prima facie* proof that fraud was used in obtaining them.

On motions to dissolve injunctions, issued in each of the three suits.

*Mr. Linn* and *Mr. McCarter,* for motions.

*Mr. R. Hamilton,* contra.

In regard to the notes being given, as is charged in the bill of complaint, without consideration, and being negotiable in form, the complainant is entitled, according to the ruling of this court, not only to have them enjoined, but to have them delivered up to be canceled. *Metler's Admin'rs* v. *Metler,* 3 *C. E. Green* 270.

A note as a mere gift, cannot be enforced between the parties thereto, or their representatives. 1 *Parsons on Bills and Notes,* 175 *to* 179. Nor can it be the subject of a *donatio causa mortis. Ib.* 179.

As to the scaled bills; as their consideration cannot be inquired into in a court of law, the only remedy is in this court.

This court, adhering to the rule adopted by our law courts, that fraud in the consideration of a sealed bill, or that fraudulent misrepresentations cannot be shown at law, holds that equity is the appropriate tribunal. *Leigh* v. *Clark,* 3 *Stockt.* 110.

It is charged in these cases before the court, that James Shotwell was a very infirm, aged man, greatly affected in body and mind by palsy, and that the sealed bills were obtained from him by practice, deception, and artifice, without any consideration.

The bill is filed for discovery, as well as relief, and the complainant should be allowed to hold the injunction until the discovery is made; until the defendants fully answer.

As to the point that the injunction was irregularly issued, on the ground that the material facts charged in the bill were not verified by affidavits: Without conceding this assumption, if any such irregularity existed, the defendants have waived it by motion to dissolve the injunction for want of equity in the bill. This amounts to a sort of demurrer to the bill. The motion and notice are based upon the alleged insufficiency of the bill of complaint, and the supposed irregularity is waived. 1 *Eden on Injunctions,* ( *Waterman,* 3d *ed.*) 115.

THE CHANCELLOR.

The applications to dissolve the injunctions in these cases are made before answers filed, on the ground that the bills on the face of them show no equity on which the complainant is entitled to relief.

The bills seek to enjoin suits at law brought by the defendants, upon notes and bonds given to them by the complainant's intestate, and which the complainant alleges were obtained by fraud, and without consideration; also a discovery of the circumstances under which they were executed by the intestate, and what consideration was given; and to have them delivered up and canceled.

Courts of equity will always compel discovery in aid of prosecuting or defending suits at law, and to make such dis-

Shotwell's Admr'x *v.* Smith.

covery of use on the trial at law, will restrain the suit from proceeding until the discovery is had. And this ancient and well settled jurisdiction is not taken away by the fact that courts of law have been clothed with powers to compel discovery in such cases by the oath of the complainant. Besides, the power given to courts of law is not so complete and ample as the power to compel discovery in chancery. At law, the plaintiff cannot be compelled actually to answer; the only penalty is that the court may stop his proceeding in the suit. On this ground the complainant is entitled to maintain the injunctions until answers are put in.

The bills also seek to have the notes and bonds delivered up, because given without consideration, and fraudulently obtained. It is not necessary here to determine whether a sealed obligation can in any case be declared void in equity for mere want of consideration, without fraud. In this case the affidavits at the foot of the bill are sufficient *prima facie* proof to satisfy me that fraud was used in obtaining the execution of these bonds. Notes and bonds were obtained from the intestate by the defendants, his daughters and grandson, to the amount of $15,000, more than half the amount of his whole personal estate. They were executed by him after his physical and mental faculties had been impaired by an attack of paralysis; two of them a few days after, and all of them before he had fully recovered. They were obtained without consideration, in the absence and without the knowledge of the complainant, who was his wife, and had his confidence in all business matters, and who was at home taking care of him in his sickness. The defendants did not reside with the intestate, but came to the house on visits to him. Obligations given under such circumstances are at least suspicious, and the progress of the suits at law should be stayed until the defendants make full answer and discovery; after which, it will be determined whether the suits at law shall proceed, or this court will retain jurisdiction, to the end that it may cause the papers to be canceled, if it should appear that justice requires it.

The motions must be denied.