The United N. J. R. R. & C. Co. and Penna. R. R. Co. *v.* Hoppock.

THE UNITED NEW JERSEY RAILROAD AND CANAL COMPANY
and THE PENNSYLVANIA RAILROAD COMPANY, appellants,

and

.  SAMUEL C. HOPPOCK and others, executors of William L.
Hoppock, respondents.

.  The Delaware and Raritan Canal Company, in 1833, covenanted with
William L. Hoppock and one Wilson to furnish water from the feeder
for their mill.   Wilson assigned his interest in the mill property to
Hoppock, who, in 1873, died.    His executors file this bill to recover
damages for a breach of the covenant during the lifetime of Hoppock,
on the ground that the Delaware and Raritan Canal Company consoli-
dated with the Camden and Amboy Railroad Company; they with the
New Jersey Transportation Company, all in the United New Jersey
Railroad and Canal Company, which leased its franchises and property
to the Pennsylvania Railroad Company ; that the first two companies
have failed to elect any officers upon whom process can be served to
bring them into a court of law, and that they have no property upon
which to levy an execution.    The bill also prays discovery whether
there are such officers, &c.; also, for specific performance of the cove-
nant.   *Held*—

(1.) That there was an adequate remedy at law ; that the corporations
could be brought into a court of law by publication ; also, that they
were suable through the United New Jersey Railroad and Canal Com-
pany, which is not alleged to be without such officers ; that allegation
of want of property upon which to levy, will not confer equity juris-
diction over this claim for damages.

(2.) That the bill is defective, as one for discovery, in that it fails to
allege that an action at law is pending or contemplated.

(3.) That the bill is defective, as one for specific performance,
because the covenant is made with and for the benefit of the owner of
lands touching the same, and, on his death, all interest in it passed to
the heirs, and not to the executors. '

On appeal from a decree of the chancellor overruling
a demurrer, reported in 12 *C. E. Gr.* 286.

*Mr. E. T. Green,* for appellants.

*Mr. William Halsted* and *Mr. O. S. Halsted,* for respondents.

REED, J.

This is an appeal from a decree of the chancellor overruling a demurrer.

The bill is filed by the executors of William L. Hoppock. It shows that the Delaware and Raritan Canal Company, in the year 1833, entered into a covenant with Hoppock and one Wilson, among other things to guarantee to said Hoppock and Wilson and their heirs and assigns forever, out of the feeder of their canal, to be taken out above the dam, sufficient water for three run of stones at all times, and also for a fourth run of stones at all times except when the water for the fourth run of stones cannot be taken out without injury to the company, of which they are to be the judges, &c.

The bill shows that Wilson conveyed all his interest in the mill property to Hoppock, who, in 1873, died.

The bill also alleges that the Delaware and Raritan Canal Company consolidated with the Camden and Amboy Railroad and Transportation Company, by virtue of the act of 1837, by which these joint companies were made liable for all contracts entered into by the several companies so consolidated.

That, by an act (*P. L.* 1870, *p.* 916,) to enable these companies to consolidate their stock and connect with other companies, it was provided that no such consolidation shall release the said companies from any obligation to which they were subject.

That by an act (*P. L.* 1872, *p.* 1402,) the New Jersey Railroad and Transportation Company, The Delaware and Raritan Canal Company, and The Camden and Amboy Railroad and Transportation Company did consolidate and adopt the name of The United New Jersey Railroad and Canal Company.

That said last mentioned company did, on March 14th, 1872, lease their franchises to The Pennsylvania Railroad Company, which lease was validated by the legislature, with

The United N. J. R. R. & C. Co. and Penna. R. R. Co. v. Hoppock.

a proviso preserving the liability of the united companies for their contracts.

The bill then alleges that the Delaware and Raritan Canal Company and the Camden and Amboy Railroad Company have elected no separate president, secretary, clerk or director, upon whom process in an action at law can be served, and also that said companies have no property upon which an execution can be levied.

It prays discovery whether there is now any separate president, secretary, director, clerk, and whether certain leases have been made, &c.

The bill prays that defendants may be decreed to perform the covenants and agreements entered into by the Delaware and Raritan Canal Company with said Hoppock and Wilson, and to pay to complainants, for the non-performance thereof, such damages as they may be justly and equitably entitled to receive. To this bill a demurrer was interposed.

The bill may be treated as presenting a triple aspect. It is a bill for relief and, incidentally, of discovery; a bill strictly for discovery; and a bill for specific performance. For either of these purposes is the bill good?

The bill prays relief in that the defendants may be decreed to pay damages for the breach of the covenant therein mentioned. The recovery of damages for the breach of such a covenant is not appropriately within the scope of equity jurisdiction. The exceptional element in this case which is supposed to confer such jurisdiction, is the alleged absence of officers of the Delaware and Raritan Canal Company and The Camden and Amboy Railroad and Transportation Company upon whom process can be served so as to bring them into a court of law, and that they have no property upon which a levy can be made under an execution against them. It is insisted that there is no adequate remedy at law.

Without considering the question whether inability to bring a domestic or foreign corporation into a court of law, would confer upon a court of equity jurisdiction over a

subject matter of purely legal cognizance, it is sufficient to say that this difficulty does not exist in this case.

The fact that a corporation fails to elect an officer upon whom process can be served, does not present an obstacle to the prosecution of an action at law. The ninetieth section of the act concerning corporations provides for such contingency; upon failure of the sheriff to effect a service on account of the want of officers by failure of the corporation to appoint, the company may be brought in by publication.

If this were not so, there is still another difficulty in the position of the complainants. They charge that by the adoption of the new name, The United New Jersey Railroad and Canal Company assumed all the contracts, duties and liabilities of the Delaware and Raritan Company, including their liability to pay damages for the non-performance of these covenants.

The last company, therefore, were suable through the new corporation into which its franchises and liabilities were merged. There is no allegation that The United New Jersey Railroad and Canal Company has failed to elect such officers. Nor will the allegation that the companies have no property upon which to levy under a judgment rendered in a court of law, upon this claim for damages, give equity jurisdiction to establish the claim itself.

After a judgment at law, equity will assist in discovering and applying property which cannot be reached by the process of execution; until judgment, equity will not interfere. The bill must fail as one for relief, and so the bill also fails as one of discovery incidental to the relief sought. The rule is, that in a bill for relief and discovery, where the subject matter of the relief prayed is not one which appropriately belongs to equity jurisdiction, the prayer for discovery in aid of that suit will not give jurisdiction to a court of equity. *Miller* v. *Ford, Sax.* 359. *Little* v. *Cooper*, 2 *Stock.* 274.

Nor can the bill be supported as a pure bill for discovery. The office of such a bill is to compel a discovery of facts resting in the knowledge of the defendant, in order to main-

tain a right in a court of common law.   2 *Story Eq.* § 1483.
It is an elementary principle that courts of equity will not
compel a disclosure from a defendant, unless it not only
appears that such disclosure is needed to properly prosecute
or defend an action at law, but also that it is to be used in
such an action.

It is a general rule that every bill of discovery is sought in
aid of some judicial proceeding commenced, or at least con-
templated. *Story Eq. Pl.* § 560.  In *Cardale* v. *Watkins,* 5 *Madd.*
18, Vice-chancellor Leach  said : " The purpose for which
discovery is given is the aid of some proceeding pending or
intended, and not to satisfy curiosity, and if such purpose
be not stated in the bill, a demurrer will lie."   There is no
such purpose alleged in this bill, and in this respect it is
bad.   Nor is the bill sustainable as one for specific perform-
ance..  The covenant is one made with and for the benefit
of the owners of land touching and concerning the same.
*Segur* v. *Bank of Dover,* 10 *Vr.  Notes to Spencer's Case,* 1 *Sm.
Lead. Cas.* 6.

Upon the death of Hoppock all interest in the covenant,
which was in him as covenantee and assignee of Wilson,
passed to the heirs of Hoppock.

The executors who have filed this bill have no interest in
compelling specific performance of the covenant.   This
renders it unnecessary to consider the other questions dis-
cussed, among them the important one as to the power of
the Delaware and Raritan Canal Company to make this
covenant at all.   The bill is bad in either of the three
aspects in which it can be viewed.

The decree overruling the demurrer should be reversed,
with costs.

Decree unanimously reversed.