WILLIAM M. BROWN et al.

*v.*

SARAH M. GASKILL et al.

[Submitted July 9th, 1908. Decided July 9th, 1908.]

1. *P. L. 1898 p. 648 §§ 9, 10*, authorizes the orphans court to entertain jurisdiction for partition of lands on "application by petition made by one or more of said coparceners, joint-tenants or tenants in common," and requires the person proposing to apply to the court for partition to give four weeks' notice to all cotenants of the time when the petition will be presented to the court.—*Held*, that the orphans court acquires no jurisdiction until the petition for partition is presented; the notice required not being "process," and until the petition is presented there is no pending cause in the orphans court, which will abate a suit for partition in chancery, filed after such notice is given.

2. Court of Chancery rule 213 is limited to motions against defects apparent on the record, and does not give a defendant the right to move against a bill on matters appearing only by affidavits accompanying the motion.

---

On bill for partition. Motion of defendant to dismiss bill.

*Mr. Joseph E. P. Abbott,* for the motion.

*Messrs. Thompson & Cole, contra.*

LEAMING, V. C.

Defendant moves to dismiss complainant's bill upon the ground that a suit for the partition of the same property was

pending in the Atlantic county orphans court at the time the bill for partition was filed in this court.

Section 9 of the Partition act (*P. L. 1898 p. 644*) authorizes the orphans court to entertain jurisdiction for partition of lands, in the class of cases there named, "upon application by petition made by one or more of said coparceners, joint-tenants or tenants in common." Section 10 requires that the person who proposes to apply to the orphans court for partition of lands shall give four weeks' notice to all cotenants of the time when the petition for that purpose will be presented to the court. The bill which is now moved against was filed after the notice under section 10 was given and before the petition was presented to the orphans court.

I think it entirely clear that the orphans court acquires no jurisdiction until the petition for partition is presented. The notice given pursuant to the provisions of section 10 is in no sense a process. Until the petition is presented there is no pending cause in the orphans court.

In this reference to the merits of the motion I would not be understood to recognize the right of defendant to move against a bill upon matters appearing only by affidavits accompanying the motion. I understand rule 213 of this court to be limited to motions against defects apparent upon the record.

The motion will be denied.