JOHN P. CLARK and THOMAS M. O'BRIEN, complainants-appellees,

*v.*

THE BOARD OF EDUCATION OF THE CITY OF BAYONNE, defendant-appellant.

[Argued June 24th, 1909. Decided November 15th, 1909.]

1. The court of chancery has no jurisdiction to interfere with a judgment of a court of law except where some well defined independent equitable ground exists for restraining the enforcement thereof.

2. That an unsuccessful litigant in a court of law has appealed therefrom and is meanwhile unable to secure from any law court a restraint against further proceedings under the judgment below, is not an independent equity which gives the court of chancery jurisdiction to interfere, although such proceedings under the judgment may result in such a change in the status of the subject-matter of the controversy as may make nugatory a judgment of the court of review when pronounced. Overruling *People's Traction Co.* v. *Central Passenger Railway Co.*, 67 *N. J. Eq.* (1 Robb.) 370.

3. An application for a stay is a mere step in procedure to be applied in the exercise of an equitable discretion by the court having control of the law action and by that court only.

On appeal from two orders of the court of chancery advised by Vice-Chancellor Garrison.

The board of education of the city of Bayonne had taken preliminary steps for the erection of a school building. The contract was about to be awarded when the complainants, taxpayers of Bayonne, applied to a justice of the supreme court for a writ of *certiorari* to test the legality of the proceedings of the board. The rule was granted with a stay, testimony taken, the proceedings affirmed and judgment entered in the supreme court affirming the proceedings and dismissing the writ.

A writ of error was sued out in this court, removing said judgment here. The prosecutors then filed a bill in chancery,

reciting the proceedings at law, alleging that the judgment was erroneous, that the board was about to prosecute the work by entering into a contract for the school building, and that the court of errors and appeals was not then in session, and hence no application could be made to that court for a stay, and prayed for an injunction restraining the board of education from entering into the contract until the determination of the writ of error in this court.

A rule to show cause was issued by the vice-chancellor, with an *interim* restraining order, and on its return it was made absolute by a decree reciting that in the proceedings in the supreme court on *certiorari* judgment was entered against the complainants herein (the prosecutors therein), from which a writ of error was promptly taken out and was being regularly pursued, and that, under the circumstances, it was proper for the court of chancery to maintain the *status quo* until the complainants should have proper opportunity to make application to the court of errors and appeals for a stay pending the argument upon and determination of the writ of error.

The defendant-appellant herein, having perfected an appeal from the court of chancery to this court, an application was made by the complainants-respondents for a stay against proceedings under the supreme court judgment, which stay this court refused. Thereafter the complainants secured an order in the court of chancery dismissing the bill in that court.

*Mr. J. Merritt Lane,* for the complainants-appellees.

*Mr. Elmer W. Demarest,* for the defendant-appellant.

Upon the case as stated above, the opinion of the court was delivered by

DILL, J.

The dismissal by the court of chancery does not, as the respondent argues, affect the appellant's right to proceed in this court, and accordingly this appeal brings up for review two chancery orders; the first denying the motion of the defendant

herein to dismiss the bill of complaint on the grounds of absence of jurisdiction, want of equity and the insufficiency of the bill; the second restraining the defendant herein from proceeding under the judgment in the supreme court pending an application to this court for stay.

The question is squarely presented as to whether a court of chancery has jurisdiction to interfere in proceedings in a court of law where the case is one within the jurisdiction of that court and where no independent equity is shown except the claim that the complainant is in good faith seeking to review the judgment of the court of law and has been unable to secure from any law court a stay pending the appeal.

The learned vice-chancellor below was constrained to follow the only equity precedent in this state, where another vice-chancellor allowed an injunction under similar circumstances in order to preserve the *status quo* of the litigation until the appeal could be heard. *People's Traction Co.* v. *Central Passenger Railway Co., 67 N. J. Eq. (1 Robb.) 370.*

That case we decline to approve and overrule it as unsound.

In the *People's Traction Company Case* the court rested upon *Hart* v. *Albany, 3 Paige 381;* but *Hart* v. *Albany* does not sustain any such doctrine, for there the original bill was filed in chancery and the injunction staying proceedings issued out of the same court.

The control of a court over its own process is not questioned; but it is quite another proposition to say that a court of chancery may issue a stay in a law action pending an appeal from the decision of the law court to a court of last resort. The question as to the stay and the applicant's right thereto, which is erroneously declared in the *People's Traction Company Case* to constitute an independent equity, on the contrary involves but a mere step in procedure in the law action, to be applied in the exercise of an equitable jurisdiction in that court and not in the court of equity.

The court of chancery has no jurisdiction to interfere with a judgment of the supreme court except where some well-defined independent equitable ground exists for restraining the enforcement thereof.

That an unsuccessful litigant in a court of law has appealed therefrom and is unable meanwhile to secure from any law court a restraint against further proceedings under the judgment below, is not, as declared in *People's Traction Co.* v. *Central Passenger Railway Co., supra,* an independent equity which gives the court of chancery jurisdiction to interfere, although such proceedings under the judgment may result in such a change in the status of the subject-matter of the controversy as may make nugatory the judgment of the court of review when pronounced.

This rule dates back to the early days of courts of chancery in England (*Montague* v. *Dudman, 2 Ves. 396,* decided in 1751), is restated in the English Judicature act of 1875, and is sustained by a long line of authoritative decisions as against which the *People's Traction Co.* v. *Central Passenger Railway Co., supra,* stands out as the only decision to the contrary. *2 Dan. Ch. Pr. (6th Am. ed.) 1624; Pom. Eq. Jur.* § *1365.*

The court of chancery in this state follows the practice of the English courts of chancery as stated in *Southern National Bank* v. *Darling, 49 N. J. Eq. (4 Dick.) 398,* and *Jones* v. *Davenport, 45 N. J. Eq. (18 Stew.) 77.* Similarly this court follows the practice of the house of lords of England, as held in *Newark and New York Railroad Co.* v. *Mayor and Common Council of the City of Newark, 23 N. J. Eq. (8 C. E. Gr.) 515* (at *p. 517*).

Under the English decisions the rule of non-interference of equity with law is so well recognized that it has been rarely questioned (*Mayor of Gloucester* v. *Wood, 3 Hare 153*), and an application similar to the one before us was characterized by Mr. Lord Justice James as a very bold application to induce the court to repeal settled law. *Garbutt* v. *Fawcus, 33 L. T. R. 617.*

Courts of equity as such have no revising, controlling or superintending power over the judgments, proceedings or decisions of courts of law. *Hood* v. *N. Y. & N. H. R. Co., 23 Conn. 609; Crim* v. *Handley, 94 U. S. 652.*

In this state in 1844 the court of chancery, after reviewing the American and English decisions, declared for the same doc-

trine. *Executors of Powers* v. *Administrator of Butler, 4 N. J. Eq. (3 Gr. Ch.) 465.*

Equity interferes with judgments at law only where there has been fraud, or mistake, or accident, in procuring the judgment and where the legal remedies are inadequate.

To hold that a court of chancery may grant a stay, as in this case, in legal proceedings, when a court of law, which has all the facts before it, and which has exclusive jurisdiction of the action, has decided the question on its merits, is to hold that a court of equity may set up its judgment in opposition to the judgment of the law court and may virtually take unto itself jurisdiction of a cause over which it had originally no jurisdiction. Such a position is obviously unsound and inconsistent with the history and established principles of equity jurisprudence, and results, as here, in an attempted usurpation of the jurisdiction of the supreme court and of even this court by the court of chancery.

Counsel for both appellant and respondent have assumed that the writ of error to this court did not act as a stay, and therefore we have not considered that question.

The orders appealed from are both reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, CONGDON—15.