# The State of New Jersey

*v.*

## Elizabethtown Water Company.

[Submitted February 5th, 1914. Decided February 6th, 1914.]

1. *P. L. 1912 p. 557* § *1,* as amended by *P. L. 1913 p. 206,* provides that the state water supply commission shall have power to acquire by condemnation any water rights deemed necessary for appropriating or conserving the potable waters of the state to the general use, and, in order that the desirability of the acquisition of any water plant may be ascertained, the commission may enter upon the property, have access to the books and accounts of the company, &c., and, in case of refusal to comply with such request of the commission, it may direct the attorney-general to proceed in the name of the state to enforce its order "in a court of competent jurisdiction," and, upon the filing of a petition by the attorney-general, citation shall issue requiring such persons to show cause why the information shall not be given, and the court shall summarily hear the cause and may pass such order as will cause the production of such information and enforce such orders by injunction, process for contempt, or such other process as may be applicable in such cases.—*Held,* that *mandamus* was the proper remedy to compel a water company to permit an examination of its premises by the state water supply commission, and that a mandatory injunction would be refused.

2. *Mandamus* will issue to enforce a statutory duty imposed upon a private corporation, if there is no other adequate or specific remedy.

3. Unless *mandamus* is inadequate for the purpose, equity has no jurisdiction to compel the performance of a statutory duty, by mandatory injunction, in the absence of some other well-established equitable ground of jurisdiction.

4. To authorize a bill of discovery, there must be a legal right which is sought to be enforced in a pending or contemplated judicial proceeding, and in aid of which a discovery is necessary.

On petition and answer.

*Mr. Edmund Wilson,* attorney-general, for the petitioner.

*Messrs. Lindabury, Depue & Faulks,* for the respondent.

BACKES, V. C.

The Elizabethtown Water Company, the respondent, is a corporation organized for the purpose of, and is, supplying the inhabitants of the city of Elizabeth and vicinity with water. To be informed whether it would be advisable, in the conservation of the potable waters of the state for the general and common use, to acquire, by condemnation, the water plant of the respondent, the State Water-Supply Commission demanded of it permission to enter upon its property in order to make a physical examination and to have access to its books and accounts, and to be furnished with a statement regarding its business and property, all for the purpose of making an appraisement, which was refused. Application is now made by petition to obtain an order in the nature of a mandatory injunction, commanding the respondent to grant the leave, and to furnish the information desired, and chapter 128 of the laws of 1913 (*P. L. 1913 p. 206*), amending section 1 of chapter 318 of the laws of 1912 (*P. L. 1912 p. 557*), is relied upon as furnishing the warrant for these proceedings, which reads:

"1. The state water supply commission as a body corporate shall have power to acquire by gift, purchase, condemnation, or in any other lawful manner, any lands, water rights and interests therein, whenever in its judgment it is advisable so to do, for the purpose of appropriating or conserving the potable waters of the state to the general and common use of the inhabitants thereof. In order that the advantage and desirability of the acquisition of any existing water plant or plants may be ascertained, the commission is hereby authorized to enter upon the property of any water company or companies, to have access to the books and accounts of any such company or companies, and may require any such company or companies to furnish such statement regarding the business and property of said company or companies as shall by the state water supply commission be requested. In case of the refusal of any water company or companies to comply with any such request of the commission with reasonable expedition, the commission is hereby authorized to direct the attorney-general to proceed in the name of the state to enforce its order in a court of competent jurisdiction; upon the filing of a petition by the attorney-general in such court, a citation shall issue to the person or persons controlling or operating any such water plant or plants, commanding him or them to appear at a time and place named therein to show cause, if any exists, why the information ordered to be furnished shall not be given, and the court shall summarily hear the said cause, and upon hearing the parties, and by proceeding *ex parte* if the respondent fails to appear, the court may pass

such order and decree in the premises as will effectually cause the production of such papers, books and records desired, and the court may enforce such orders and decree by injunction, process for contempt, or by such other processes as may be applicable in such cases. In case condemnation of such lands or water rights or interests therein shall become necessary, the proceedings shall be in accordance with the act entitled 'An act to regulate the ascertainment and payment of compensation for property condemned or taken for public use (Revision of 1900),' approved March twentieth, nineteen hundred, and the acts amendatory thereof and supplemental thereto.".

The application is resisted, and the first objection assigned is that the remedy is by *mandamus,* and that therefore this court is without jurisdiction, which, if founded, will render an examination and decision of the many other and interesting grounds of objection, so ably presented on the argument and in the briefs of counsel, a profitless task.

The jurisdiction by *mandamus* over private corporations is of ancient origin and is well established. It is exercised both in England and America for the enforcement of corporate duties, and to compel the proper exercise of corporate functions in cases where the law affords no other adequate or specific remedy. It may be laid down as a general rule governing the exercise of the jurisdiction in question, that where a specific duty is imposed by law upon a private corporation and no other adequate or specific remedy is provided for its enforcement, the writ of *mandamus* will be granted. *High Extr. Leg. Rem.* §§ *276, 277.*

Illustrations of the application of this doctrine are collected in *Thomp. Corp. (2d ed.)* § *5754.* The prerogative writ has been variously employed in this state to compel *quasi*-public corporations to perform duties imposed upon them by statute or ordinances authorized by statute, such as the building of bridges, carrying of passengers, macadamizing of streets and stopping of cars at street corners, &c. *In re Trenton Water Power Co., 20 N. J. Law 659; Bridgeton* v. *Traction Co., 62 N. J. Law 592; Rutherford* v. *Hudson River Traction Co., 73 N. J. Law 227; Camden* v. *Public Service Railway Co., 82 N. J. Law 246;* and trading companies to submit their books to examination by stockholders. *Garcin* v. *Trenton Rubber Mfg. Co., 60 Atl. Rep. 1098.*

In the case of *Board of Railroad Commissioners* v. *D., L. & W. R. R. Co., 79 N. J. Law 219,* the board made an order directing the railroad company to re-establish an abandoned railroad station, and proceeded to enforce it by *mandamus.* Upon demurrer to an alternative writ, the question was raised whether under the statute (*P. L. 1907 p. 448*), creating the board and defining its power, *mandamus* was the appropriate remedy. The eighth section of the act provided that upon failure to comply with an order of the board, the attorney-general should institute proper proceedings to enforce such order, in *equity* by *mandamus,* or injunction; and the ninth section provided that the proceedings may be in equity to compel a specific performance. It was contended that the latter course should have been pursued. Chief-Justice Gummere, in overruling the demurrer, *held,* that: "The proper proceeding for compelling a *quasi*-public corporation—such as a railroad company —to perform duties imposed upon it by statute, is *mandamus.* The act of 1907 imposes upon all these corporations the duty of complying with all reasonable and just orders made by the board, and they are, therefore, subject to be proceeded against by *mandamus* for failure to do so, in the absence of any statutory provision exempting them therefrom."

The act upon which the present proceedings rest, it will be observed, does not presume to confer jurisdiction. It directs that proceedings to enforce the commission's orders are to be instituted *in a court of competent jurisdiction.* By this the legislature indicated the tribunal already established by law for the enforcement of legal duties, as the one to which resort must be had, and whose inherent power to compel obedience to the mandate of the law it meant to leave unimpaired. The obligations imposed by this enactment upon a class of corporations exercising a particular kind of franchise, and to which class the respondent belongs, are obviously legal duties, to compel the performance of which the law courts furnish a complete and adequate remedy by *mandamus.*

Unless it is made to appear that the remedy by *mandamus* is inadequate, chancery is without jurisdiction to constrain by injunction the performance of a duty commanded by law, in the

absence of some other well-established equitable ground for interference. *Johnson* v. *Atlantic City G. & W. Co., 65 N. J. Eq. 129; McDowell* v. *Avon Co., 71 N. J. Eq. 109; Jacquelin* v. *Erie R. R. Co., 69 N. J. Eq. 432.*

In *Stettauer* v. *New York and Scranton Cons. Co., 42 N. J. Eq. 46,* Chancellor Runyon, in sustaining a demurrer to a bill filed by a stockholder to compel a corporation to allow an examination of its books, withheld relief because the denial of the complainant's right to make the examination presented no ground of equitable jurisdiction and held that the remedy was by *mandamus.*

In *Fuller* v. *Hollander & Co., 61 N. J. Eq. 648,* on appeal from an order of this court, that the defendant bring into this state its books and papers and that the complainant have access to them for the purpose of inspection, the appellate court held the order to be *coram non judice,* and expressed doubts as to the authority of the legislature to confer power on this court to make such an order. It was there laid down that "The inherent jurisdiction of the court of chancery to compel the production, for inspection, of books and papers, whether of an individual or corporation, is confined to cases where the same are evidential in a cause pending in the court, and cases arising under a bill filed for relief as well as discovery, or under a bill filed for discovery only, in aid of a prosecution or defence in litigation, pending or contemplated." *Singer Co.* v. *Bowne, 81 N. J. Eq. 157.*

Clearly these proceedings do not come within the first two classes, nor can they be regarded as in the nature of a bill for discovery in aid of a prosecution in litigation pending or contemplated, as was contended. It is not pretended that the water supply commission has in mind instituting legal proceedings to condemn the property of the respondent. Its attitude is of one who is seeking information for the purpose of determining whether it would be advisable to institute litigation and resembles somewhat the situation of the suitor in the *Stettauer Case.* The position of the commission is at least one step removed from the status required to bring these proceedings within the theory of a discovery in equity. There must be some legal right, the enforcement of which is sought and in aid of

which a discovery is necessary, and some judicial proceeding must be pending or contemplated, before a bill of discovery will lie. *United N. J. R. R. & C. Co.* and *Pa. R. R. Co.* v. *Hoppock, 28 N. J. Eq. 261.*

If the water supply commission has the right to examine the property and inquire into the business of the respondent, that right arises purely out of a statutory duty, enforceable only in the supreme court by *mandamus.*

The attorney-general pressed the argument that the phraseology of the act relating to the procedure, viz., that upon petition filed a citation shall issue to show cause, and that upon a summary hearing the court may pass an order or decree and that the order or decree may be enforced by injunction or process of contempt, is consistent with the practice of a court of equity, and altogether out of harmony with that which obtains in the law courts, and therefore suggests this court as "the court of competent jurisdiction." This may be true, but we can scarcely accord to mere intimation the force of legislation and especially in these circumstances, where the functions to be exercised are recognized as residing in a branch of our judicial system from which there is no effort made either to wrest or to compel it to share them with another. The supererogation as to form of procedure may be entirely excised from the act, without endangering its object or the means of enforcement. And on this phase of the discussion the views of the learned chief-justice, in the case of *Board of R. R. Commissioners* v. *D., L. & W. R. R. Co., supra,* are pertinent and commanding. There, it will be noted, the act under consideration nominated this court as a forum in which to prosecute and presented a situation much more favorable to the state's contention than exists here, but the court held that, "The force claimed for the ninth section of the act by counsel for the defendants can only be given to it by attributing to the legislature the intent to take away from the supreme court, in this particular instance, without an apparent reason therefor, one of its prerogative powers, and further to repeal by implication what it had just enacted in the preceding section. There is absolutely nothing in the act which would justify the attributing of such a remarkable

intention to the law making body; and to do so without such a justification would be an unpardonable offence against jurisprudence."

The petition will be dismissed.