This is a bill for discovery in aid of a suit at law now pending in the New Jersey supreme court between the complainant, as plaintiff, against the defendant. Under the provisions of chapter 93 (P.L. 1924 p. 183; 2 Cum. Supp. Comp. Stat. p. 2805
§ 144) the plaintiff has three times applied to the chief-justice for an order for the examination of the defendant before trial. Such an order was granted with respect to certain particulars and denied as to others. Thereupon, this bill was filed, and while it is in form the usual bill for strict discovery, it seeks, in effect, a review of the action of the chief-justice. It would appear that under the act above referred to there is a complete remedy at law, and it is elementary that under such circumstances this court will not act. I do not mean, however, to suggest that this court has in any way been deprived of its ancient jurisdiction of discovery in aid of actions at law where application is made to this court in the first instance. That jurisdiction still exists in a proper case. Shotwell v.Smith, 20 N.J. Eq. 79; Vineland v. Maretti, 93 N.J. Eq. 513; 1Pom. Eq. Jur. 269 § 193. But where the law court is fully empowered to compel complete discovery before trial, and the plaintiff in the suit in that court has sought such discovery in the method prescribed by law, and has not obtained as extensive relief as he believes he is entitled to, he is not privileged to review that court's findings here. The power of the law court under the act referred to is discretionary, but none the less adequate, and that the chief-justice, in the exercise of the discretion vested in him by that act, refused the relief sought, is no ground for the intervention of this court. Bills of discovery in aid of suits at law are entertained only where the application is made to this court in the first instance, or where such aid is necessary and the law court is not competent to grant full and adequate relief. Powers v. *Page 236 Butler, 4 N.J. Eq. 465; Howell v. Ashmore, 9 N.J. Eq. 82;Little v. Cooper, 10 N.J. Eq. 273; United New Jersey Railroad
v. Hoppock, 28 N.J. Eq. 261; Hannon v. Maxwell, 31 N.J. Eq. 318; Bellingham v. Palmer, 54 N.J. Eq. 136; State v.Elizabethtown Water Co., 83 N.J. Eq. 216.
I will advise an order dismissing the bill, with costs.