The facts set forth in the bill in this case are:
On the 12th day of August, 1929, the complainant, Belmont Lumber Company, recovered a judgment in the Essex county circuit court against the defendant, Samuel Friedman, for $7,705.91 damages, and $64.10 costs, upon which judgment the complainant caused an execution to be issued on the 13th day of August, 1929, which execution was directed to the sheriff of Essex county, and which execution was shortly thereafter returned by the said sheriff wholly unsatisfied; whereupon the complainant filed this bill for discovery and obtained an interlocutory order for examination of the defendant and an order of restraint.
The defendant seeks to dismiss the bill, order for restraint and order for discovery. *Page 285 
His first ground is that no process of subpoena was served upon him previous to the serving of the order to appear.
The statute applicable to such cases (1 Comp. Stat. pp. 435,437) is as follows:
"Hereafter, whenever an execution against the property of a defendant shall have been issued on a judgment at law, and shall have been returned unsatisfied in whole or in part, leaving an amount or balance remaining due exceeding one hundred dollars, exclusive of costs, the party suing out such execution may file a bill in chancery to compel the discovery of any property or thing in action belonging to the defendant in such judgment, and of any property, money or thing in action, due to him or held in trust for him, except such property as is now reserved by law, and to prevent the transfer of any such property, money or thing in action, or the payment or delivery thereof to the defendant, except when such trust had been created by, or the fund so held in trust has proceeded from some person other than the defendant himself.
"The court shall have power to compel such discovery, and to prevent such transfer, payment or delivery, and to decree satisfaction of the sum remaining due on such judgment out of any personal property, money or thing in action belonging to the defendant, or held in trust for him, with the exception above stated, which shall be discovered by the proceedings in chancery; provided, if the personal property, money or thing in action, which shall be discovered as aforesaid does not amount to the sum of one hundred dollars, no costs shall be recovered by the plaintiff against the defendant in such proceeding.
"When a bill is filed for the purpose aforesaid, and shall be duly verified by the oath of the complainant therein, or his solicitor or agent, that he believes the contents thereof are true, it shall be lawful for the chancellor, in term time or vacation, forthwith to make an order requiring the judgment debtor to appear, and make discovery on oath concerning his property and things in action, before a master of said court, to be designated in such order at a time and place in said order to be specified."
The theory of defendant is that the order to appear and any injunctive restraint therein must fall because subpoena was not issued, under Allman v. United Brotherhood of Carpenters, c.,79 N.J. Eq. 150, and Hermann v. Mexican PetroleumCorporation, 85 N.J. Eq. 367. What the result would be if this were a bill for discovery under the inherent jurisdiction of the court, it is unnecessary to determine. It would appear that although such a bill is never brought to a hearing, nevertheless the cause proceeded to answer, as any ordinary case in the court of chancery and the discovery *Page 286 
was obtained by the answer. 2 Dan. Pl. Pr. (6th Am. ed.) *1559. Nor is it important to determine whether a bill for discovery could also pray relief. 1 Dan. Pl. Pr. (6th Am.ed.) *547. Little v. Cooper, 10 N.J. Eq. 273. The proceeding here is under the statute and the statute specifically provides that, upon the filing of the bill, duly verified by the oath of the complainant, it shall be lawful for the chancellor to make an order for discovery. And upon this aspect of the case the proceedings are made analogous to discovery at law. 2 Comp Stat.tit. "Executions" p. 2249 § 23.
I am of the opinion that, under the express provisions of the statute, no subpoena need be issued prior to the order for discovery or an order for restraint and that, considered as a bill for discovery only, the order to appear is the original process.
As a bill for relief it must be prosecuted in the ordinary way and subpoena must issue. The statute contemplates the joining of an application for discovery and for relief, but it is clearly indicated by section 75 that a final hearing is contemplated. If there be undue delay in issuing a subpoena, the bill may be dismissed for lack of prosecution and of course under the cases, if a lis pendens has been filed, it is ineffective as notice unless subpoena has issued. That subpoena has not issued is, however, no ground for the vacation of the order to appear and make discovery, or of the restraint.
The second objection is that complainant has not exhausted his remedy at law and cases such as Hustleton Co. v. Durie,77 N.J. Eq. 437, are relied on.
The vice-chancellor in the Hustleton Case drew a distinction between those cases in which the object is to set aside a conveyance made by a debtor of property to which he had title and those in which the debtor has never had title, but in which he caused property to which he was entitled to be conveyed to another in fraud of his creditors.
Again, it is not necessary to determine what the result would be if this proceeding were under the inherent jurisdiction of the court. It is under a statute which prescribes *Page 287 
but one requisite and that is that an execution should have been issued on the judgment at law and should have been returned unsatisfied in whole or in part.
In Bigelow Blue Stone Co. v. Magee, 27 N.J. Eq. 392, the court said:
"When a creditor comes into equity to reach the equitable interest of his debtor in land, he must show a judgment which would, in case the legal title to the property were in the debtor, be a legal lien thereon, and an execution returned unsatisfied.
"This will show that his remedy at law is exhausted, and will entitle him to the aid of equity.
"It is not necessary in such case, to show a levy of an execution on the land which he seeks to reach."
In Manning v. Jagels, 71 N.J. Eq. 41, the court held:
"The allegation of the recovery of the judgment, the issuance of execution and its return unsatisfied, present a state of facts presumed to continue until the contrary is made to appear.
"A statement that execution has been returned unsatisfied on the judgment includes the lack of other property to be levied on and the exhaustion by the judgment creditor of his legal remedy.
"Therefore, the objection to this bill cannot be sustained."
And see United Stores Realty Corporation v. Asea (Court ofErrors and Appeals), 102 N.J. Eq. 600.
The defendant seeks to show by affidavits on his motion to strike that complainant's attorney directed the sheriff to return the execution unsatisfied, and that the defendant owns other property on which no levy was made. On a motion to strike a bill, except under unusual circumstances not present here, the defendant must confine himself to the matter contained in the bill itself. He cannot allege facts by affidavit which do not appear in the bill.
I will, therefore, advise a decree denying the motion to dismiss. *Page 288