The defendants, Foster Wheeler Corporation and Commercial Trust Company, executor under the will of Orray E. Thurber, deceased, assert that the amended bill filed in the present cause is deficient in alleging an equitable cause of action against either of them, and they insist that they should not be obliged to answer.
In resisting motions of this character, frequently, as here, affidavits are presented on behalf of the complainant verifying and indeed amplifying and supplementing the factual charges of the bill. Where the motion rests upon the ground that the bill fails to state a cause of action, the submission of such affidavits is ineffectual, save perhaps in most unusual circumstances. Riley v. Hodgkins, 57 N.J. Eq. 278;41 Atl. Rep. 1099; Brown v. Gaskill, 74 N.J. Eq. 620; 70 Atl. Rep. 665;Belmont Lumber Co. v. Friedman, 105 N.J. Eq. 284;147 Atl. Rep. 583.
The utility and efficacy of the modern motion are similar to those of the demurrer in the former practice. The general demurrer in Chancery carried with it, for temporary purposes, an acknowledgment of the truth of all the material and well pleaded factual charges of the bill and declared that, as set forth inthe bill, they are insufficient to enable the complainant to proceed or to oblige the defendant to answer; or that for some reason apparent on the face of the bill, or because *Page 556 
of the omission therein of some essential matter, the bill fails to adequately invoke equitable jurisdiction or relief. The demurrer prayed judgment whether the defendant should be compelled to answer the complainant's bill.
The present motion has a precisely similar function. The material matters of fact adequately charged in the bill are for immediate purposes admitted. A verification of them is accordingly needless. The inquiry is confined to the factual and legal substance of the bill itself, and the bill cannot be reinforced by the introduction by affidavit of external facts.
An abridged statement of the facts charged in the bill in this cause suffices to display the point of contention. On June 26th, 1913, one Augustus W. Colwell obtained from the State of New Jersey a lease of riparian rights in lands in Staten Island Sound in front of his property situate in the Borough of Carteret. The Mexican Crude Oil and Asphaltic Products Company, a corporation organized under the laws of South Dakota and privileged to conduct business in our state, subsequently acquired the uplands and also an assignment of the lease. Although the charter of that company expired by limitation on December 2d 1936, it nevertheless continued to transact business in New Jersey until a recent date.
One L.L. Branch was appointed in South Dakota to serve as trustee of the company, and an order was made on December 24th, 1942, in the Circuit Court (Sixth Judicial District), Hughes County, South Dakota, authorizing and directing the trustee to grant and convey the uplands owned by the company at Carteret, New Jersey, at private sale to Foster Wheeler Corporation for the sum of $52,000.
The order authorizing the sale contained the following instructions concerning the distribution of the proceeds:
"It is further ordered that L.L. Branch, as trustee be and he is hereby empowered to pay over the proceeds of said sale as follows:
"$2,600 to C.B. Snyder Realty Co., as brokerage commission in connection with the sale:
"$2,500 to Scribner Miller, attorneys, for services rendered to the company in the past and in connection with this sale, including all expenses incidental to the sale such as United States revenue stamps and the costs and expenses of this proceeding. *Page 557 
"$6,000 to Nils B. Hersloff in reimbursements of advances made by him to the corporation for maintaining the riparian rights leased from the State of New Jersey;
"$40,900 to Estate of Orray B. Thurber (or whatever may be the balance after apportioning taxes, water, insurance and riparian rights) in full satisfaction and discharge of its mortgage upon the premises on which the sum of $50,000 is due and owing together with interest thereon for several years last past."
In pursuance of the terms of the order, the trustee executed a deed conveying the premises to the Foster Wheeler Corporation for the stated consideration, and made distribution of the purchase price as instructed.
On December 28th, 1942, the Circuit Court in South Dakota made an order confirming the sale and approving the distribution by the trustee of the proceeds. The pertinent paragraphs of the order are:
"Now therefore, said sale is hereby approved and all acts of L.L. Branch, trustee, in making this sale are hereby confirmed.
"It further appears that pursuant to said Order of Sale L.L. Branch did on the 24th day of December, 1942, pay over the proceeds of said purchase price to the following persons and in the following amounts:
"$2,000 to C.B. Snyder Realty Co., as brokerage commission in connection with the sale;
"$2,500 to Scribner Miller, attorneys, for services rendered to the company in the past and in connection with this sale, including all expenses incidental to the sale such as United States revenue stamps and the costs and expenses of this proceeding;
"$6,000 to Nils B. Hersloff, in reimbursement of advances made by him to the corporation for maintaining the riparian rights leased from the State of New Jersey;
"$40,900 to Estate of Orray E. Thurber (or whatever may be the balance after apportioning taxes, water, insurance and riparian rights) in full satisfaction and discharge of its mortgage upon the premises on which the sum of $50,000 is due and owing together with interest thereon from several years last past.
"and it appearing to the Court that the sum of $2,600 paid to the C.B. Snyder Realty Company is a fair and reasonable commission; and it appearing to the Court that the sum of $2,500 paid to Scribner Miller, attorneys, for services, is a fair and reasonable fee, and it appearing to the Court that the sum of $6,000 paid to Nils B. Hersloff for advances made by him is a just and proper claim against said trust; and it appearing to the Court that the sum of $40,900 paid to the estate of Orray E. Thurber is a proper payment and was paid in full settlement of a mortgage on said premises in the sum of $50,000; *Page 558 
 "Now therefore all of said payments above described which are set forth in full in the Trustee's Report of Sale are hereby in all things approved and confirmed."
The bill also exhibits another deed made under date of December 30th, 1942, by one Nils B. Hersloff as "Liquidating Trustee of said Mexican Crude Oil and Asphaltic Products Company," conveying the same premises to the Foster Wheeler Corporation for the consideration of $1.
It is declared by the complainant that at the time of the consummation of sale there was due and owing to the State of New Jersey an arrearage of rental in the sum of $1,981.66 under the terms of the lease of the under-water lands.
Manifestly the object of the bill is to invoke the aid of this court in the recovery of the unpaid rental. The defendant Commercial Trust Company as executor of the estate of Orray E. Thurber, deceased, held a mortgage lien upon the premises. The accusation is that by the terms of the order of the South Dakota court, the defendant L.L. Branch, as trustee and grantor, the defendant Foster Wheeler Corporation, as the grantee, and the defendant Commercial Trust Company, in its representative capacity as executor and mortgagee, were obliged in the effectuation of the conveyance of the lands of the Mexican Oil and Asphaltic Products Company to pay to the State of New Jersey from the proceeds of the sale the amount then due to the state under the terms of the lease; that they fraudulently omitted to do so, and that the portion of the proceeds owing to the state is traceable and is now in the possession of the Commercial Trust Company within our state. The complainant prays that an equitable lien be imposed upon the fund in possession of the Commercial Trust Company to secure the payment of the unpaid rental to the state; that the defendants be directed to pay the rental to the state or that the conveyance be nullified, and that the defendants disclose the consideration paid for the lands conveyed and the amount thereof set apart for payment to the state in satisfaction of the arrearage of rent.
Every theoretically constructed cause of action must recline upon the requisite attributable facts. Basically, the only *Page 559 
obligation, if any, of these two defendants to subserve the payment of the rent to the state is said to arise from the following parenthetic words of the order of the South Dakota court: "(or whatever may be the balance after apportioning taxes, water, insurance and riparian rights)."
Those words cannot be accorded the interpretation advanced by the complainant. They import merely that upon the consummation of the sale there shall be the customary adjustments of taxes, water charges, insurance premiums and rentals of riparian rights as between the grantor and the grantee. It is not evident in the bill that the State of New Jersey or either of the two defendants prosecuting the present motion was a party to the proceedings in which the orders were made. It is not apparent that the unpaid rental constituted a lien upon the upland property which was conveyed. R.S. Title 12. Nor is it disclosed by the deeds that the Foster Wheeler Corporation acquired any estate in the lands under water from the trustees, or obtained any credit on the purchase price for the assumption of any past due rents owing to the state. In view of the manifest circumstances, it cannot be implied from the orders that the grantee, Foster Wheeler Corporation, much less the mortgagee, thereby became obligated to pay to the state rents presumably owing to, the State of New Jersey by the Mexican Crude Oil and Asphaltic Products Company.
The contention that the sum of $40,900 paid by the trustee to the Commercial Trust Company as executor of the deceased mortgagee, included an apportionment of $1,981.66 distributable to the State of New Jersey, is refuted by the recital in the order of December 28th, 1942, which states: "and it appearing to the Court that the sum of $40,900 paid to the Estate of Orray E. Thurber is a proper payment and was paid in full settlement of amortgage on said premises in the sum of $50,000; NOW THEREFORE all of said payments above described which are set forth infull in the Trustee's Report of Sale are hereby in all things approved and confirmed." (Italics supplied.)
In the absence of facts generating a duty and obligation devolving upon these two defendants to account to the state *Page 560 
for the unpaid rents, the correlative charges of fraud in the bill logically collapse.
It is intimated that the bill can withstand the present motions as a bill for discovery. Every bill in equity is in a sense a bill of discovery in that it calls upon the defendant to make a full answer thereto. Under a veritable and genuine bill of discovery, the only relief sought or obtainable is the desired discovery. Such discovery, although historically a conspicuous function of a court of equity, is in purpose merely a means of procuring evidence to aid the right or title of the party requesting it, in some other suit or action, pending or in contemplation, in another court.
Notwithstanding the statutory methods now available to obtain discovery in the law courts and the infrequent need of filing a bill for such purpose, the courts of equity retain their ancient and original jurisdiction for discovery. However, the jurisdiction to compel discovery is essentially auxiliary, and so bills seeking primarily some ultimate remedy or relief frequently embody a prayer for discovery incidental and accessory to the prosecution of the principal object of the cause. Such is the composition of the bill at hand. Where a bill praying for ultimate relief and for incidental discovery fails to disclose that the complainant is entitled to the relief, the bill cannot be sustained as one solely for discovery. United New JerseyRailroad and Canal Co. v. Hoppock, 28 N.J. Eq. 261; Courter v.Crescent Sewing Machine Co., 60 N.J. Eq. 413; 45 Atl. Rep. 609.
The motions of the two defendants are meritorious. An order striking out the bill in its relation to them, will be advised. *Page 561