A brief prefatory statement of some of the antecedent occurrences in the pending litigation between the parties will not only disclose the features of the present application, but also the reasons which establish my conclusion.
The complainant filed its bill in this cause on December 26th, 1944. It charged that the defendant had undertaken illegally to terminate the complainant's existing leasehold estate in certain designated premises and was threatening to demolish the building constituting the property demised to the complainant. The complainant sought immediate injunctive relief, and an order to show cause to that end containing ad interim restraint was granted. The defendant thereupon gave notice of its intention to challenge the equitable sufficiency of the allegations of the bill.
Counsel for the complainant, apparently conceiving that the legality of the action of the defendant in its endeavor to terminate the tenancy, was a matter appropriately cognizable in a court of law, applied for and obtained from the Supreme Court a rule to show cause why a writ of certiorari should not issue to review the legal propriety of the proceedings of the municipal authorities. It was then, and is now, significant that the complainant upon its application for the rule sought and procured from the Supreme Court a mandate directing the defendant to meanwhile desist from "any interference with the enjoyment of the premises by the said prosecutor" and from any contemplated demolition of the building. *Page 358 
Informed of those accomplishments, I addressed a letter to all counsel in which, inter alia, I stated:
"In such an exigency, it seems consonant with the proper administration of justice for this court to temporarily retain the bill and defer the determination of the motion to strike it until informed of the eventualities in the proceeding at law. A continuance of the restraint heretofore imposed by this court now becomes merely auxiliary and is apparently at present unnecessary for the preservation of the status quo."
Accordingly the ad interim restraint embodied in the initial order of this court was discharged.
The writ of certiorari was allowed on February 19th, 1945. The formal allocatur is supplemented:
"This writ is allowed: let it be sealed. It is further ordered that the prosecutor shall, at its own cost and expense, and without delay, move the entire building eastward so that no part of it shall encroach upon the boardwalk of the City of Asbury Park, nor interfere with the rebuilding of the said boardwalk by the City of Asbury Park."
It is obvious that again the Supreme Court (Mr. Justice Perskie) duly considered and adjudicated upon the intermediate obligations and privileges of the parties essential to an equitable preservation of the status quo. But much more has happened along the same path.
The complainant moved the building eastward, but the defendant insists that at its new location the building obstructs the reconstruction of the boardwalk and that it should be moved a greater distance. This dispute actuated counsel for the defendant to apply to the Justice of the Supreme Court for an order vacating the allocatur of the writ of certiorari or an order obliging the complainant to move the building to a more distant point where it will not impede the rebuilding of the walk. I am informed that Mr. Justice Perskie accorded counsel for the parties an audience on March 20th and March 23d 1945.
I extract from the order signed by the justice on March 27th, 1945, the following:
"* * * and the Court being of the opinion that the provisions in the rule to show cause, the writ of certiorari *Page 359 
and in the allocatur hereinabove recited, were designed to and do sufficiently set forth the rights and status of the respective parties in the premises, and that the making by this Court of the orders now sought by the defendants is unnecessary.
"It is on this 27th day of March, 1945, Ordered, that the motion and application of the defendants for an order requiring the prosecutor to remove the said building, and for an order to dismiss the Writ of Certiorari and vacate the allocatur
herein, be and the same are hereby denied, but without prejudice."
The order to show cause with which I am at present concerned was granted by Vice-Chancellor Berry who, because of my previous acquaintance with the cause, directed that the subject-matter of the order should be debated before me. The complainant now implores this court to impose certain specified restraints upon the defendant until the conclusion of the action at law or until the final hearing of the cause here pending in equity.
Some of the restraints immediately desired by the complainant I would in any event be disinclined to prescribe because their propriety is basically dependent upon the present existence of the leasehold estate, if any, of the complainant in the building. That fundamental question approaches a determination at law.
There is, however, an obstacle which, in the circumstances of the instant case, seems to me to intercept the complainant's regenerated application to this court for temporary protection. Considerations of policy forbid litigants to patronize at the same time and in the same controversy several courts of concurrent jurisdiction in quest of the most serviceable position. Implicit in certiorari proceedings is the power of the law court by supersedeas or order to temporarily restrain the litigants from acts or omissions which would render fruitless the object of the judicial review. That power is of an equitable character. In function, it is in the given case essentially indistinguishable from the preliminary injunction in equity.Vide, West New York v. Board of Public Utility Commissioners,105 N.J. Eq. 438 (at p. 444); 148 Atl. Rep. 402.
The intermediate protection to which the complainant is *Page 360 
entitled is available to it in the court of law to which it has properly applied for a determination of its basic grievance.
Here, the protection of the building from destruction pendentelite seems necessary. The prompt reconstruction of the boardwalk in that vicinity is not only in the public interest, but I would suppose indispensable to the profitable use of the building by the complainant, if its alleged right of continued occupancy is ultimately established. To fairly and justly discipline the parties so that both those objects can be attained has occupied the attention of the Justice of the Supreme Court on at least four occasions. Moreover, he has actually resolved the obligations that should meanwhile rest upon the parties, and the presence of the phrase "but without prejudice" in the last order affords the parties the opportunity to solicit from the court such modified or additional protection as the circumstances may require.
Any endeavor by this court to remodel the orders of the Supreme Court would appear to me to be not only intrusive but in a sense an unwarranted usurpation of an appellate function which this court does not in such circumstances possess. Courts of equity as such have no power to revise the decisions of courts of law. The support of this conviction in principle may be found in Clark
v. Board of Education of Bayonne, 76 N.J. Eq. 326;74 Atl. Rep. 319; also, Hohmann v. Corkran, 100 N.J. Eq. 234;134 Atl. Rep. 867; affirmed, 102 N.J. Eq. 333; 140 Atl. Rep. 920.
Of course, the inability of this court to revise the decisions of the Supreme Court concerning the adequacy of the temporary restraints likewise prohibits it from mitigating, "the provisions in the rule to show cause, the writ of certiorari, and in theallocatur" which the Supreme Court apparently assumes to be in force and ample to stabilize the controversial rights of the parties.
The order to show cause and the ad interim restraint thereby granted will be discharged.
I may add that Vice-Chancellor Berry concurs in this conclusion. *Page 361